(92 Misc. Rep. 159)

## KRAMER v. WIEN.

(Supreme Court, Appellate Term, First Department. October 25, 1915.)

1. MASTER AND SERVANT ⬤═21—EMPLOYMENT—CONTRACTS OF.

Where plaintiff agreed to perform duties as traveling salesman to the entire personal satisfaction of his employer, the employer is entitled to dismiss him whenever he becomes really dissatisfied, and such dissatisfaction is not assumed to rid himself of plaintiff; it not being a question for the jury whether the dissatisfaction was warranted.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 20, 21; Dec. Dig. ⬤═21.]

2. MASTER AND SERVANT ⬤═73—CONTRACTS OF EMPLOYMENT—CONSTRUCTION.

Where an employer agrees to make advances to a salesman, to be charged against commissions thereafter to be earned, there is no personal liability resting upon the salesman to repay advances, if the commissions do not equal them; hence a bare promise to repay them, unconnected with any contract, was unenforceable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 90–102; Dec. Dig. ⬤═73.]

3. EVIDENCE ⬤═398—PAROL EVIDENCE RULE—CONTRACTS.

Where a written contract of employment was unambiguous, did not indicate there was any other agreement, and apparently expressed the entire undertaking, evidence of a parol contract modifying it is inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1766–1771; Dec. Dig. ⬤═398.]

Appeal from City Court of New York, Trial Term.

Action by Sherman Kramer against Joseph Wien. From a judgment for plaintiff, and an order denying new trial, defendant appeals. Reversed and remanded.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Morris & Samuel Meyers, of New York City (Samuel Meyers and Denis O'L. Cohalan, both of New York City, of counsel), for appellant.

Otto A. Samuels, of New York City (Ralph H. Blum, of New York City, of counsel), for respondent.

SHEARN, J. [1] This judgment will have to be reversed for misdirection of the jury. The plaintiff agreed to perform his duties "to the entire personal satisfaction of" the defendant. The services were those of an ordinary traveling salesman, so that no question of defendant's taste or fancy is involved. It was merely necessary to apply the ordinary rule that defendant had a right to discharge the plaintiff if he was in fact honestly dissatisfied with his work and did not use his dissatisfaction as a mere pretense. Throughout the charge the trial court stated that the issue was whether the defendant discharged the plaintiff "without reasonable cause," and this was the issue submitted to the jury. The court said:

"The question for you to determine is: Did the defendant discharge the plaintiff without reasonable cause? [Folio 410.] * * * If he did not

devote all his time and attention to the performance of that duty while in the employ of the defendant, the defendant had the right to exercise his option under the contract and discharge the plaintiff. It is for you to determine whether that was a reasonable ground for his discharge. [Folio 414.] * * * It is for you to say whether under such circumstances the defendant had reasonable cause then and there to discharge the plaintiff. [Folio 418.]"

It is true that in another part of the charge the court read the jury the true rule in "the language employed by a justice of the Supreme Court, in his charge to the jury in the case of Hecht v. Bloom"; but immediately following this the court expounded the meaning of the quotation as follows:

"In other words, if this plaintiff performed his work pursuant to the contract as he thought he ought to, and the defendant had no reasonable cause for discharging him, you will have to find a verdict for the plaintiff."

This, with the other quotations above given, leaves no doubt that the trial court was of the opinion, and instructed the jury, that it was for them to determine whether the defendant had a reasonable cause for discharging the plaintiff, whereas the issue was whether the defendant was in fact honestly dissatisfied with the plaintiff.

"If his dissatisfaction was real, and not assumed merely to rid himself of his employé, it was of no consequence whether or not the jury thought that he ought to have been satisfied." Ginsburg v. Friedman, 146 App. Div. 779, 781, 131 N. Y. Supp. 517, 518.

[2, 3] As there will be a new trial, it should be determined whether the court properly excluded the evidence offered in support of the counterclaim. Defendant alleged that at the time of the making of the written contract in suit an oral agreement was made between the parties, whereby the plaintiff agreed to pay to the defendant certain moneys which had been overdrawn by plaintiff in excess of commissions earned under previous contracts of employment, which moneys, the answer alleges, "the defendant may and shall deduct and repay" out of any commissions earned by the plaintiff, under the contract in suit, over and above his drawing account. It is well established that where one is employed on a commission basis, and the employer agrees to make advances to the employé, to be charged against commissions to be earned by the employé, there is no personal liability resting upon said employé to repay the advances if the commissions do not equal the amount of the advances. The defendant seeks to evade this rule by an alleged oral agreement modifying the terms of the written contract. There is nothing in the contract in suit to indicate that such an oral agreement was made, or that any oral agreement was made; the contract is complete in itself, and expresses the entire terms of the engagement between the parties, leaves nothing to inference, and nothing contained therein is ambiguous or uncertain. The court, therefore, properly excluded the evidence of the alleged oral agreement. If the alleged promise to repay the advances be treated as an entirely separate agreement, it fails for lack of consideration.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.