# CHARLESTON.

RICHMOND DRY GOODS COMPANY

*v.*

C. B. WILSFN

(No. 6146)

Submtted February 7, 1928. Decided February 12, 1928.

MASTER AND SERVANT—*Advances to Salesman Against Commissions Held Not Loans, and Employer Was Not Entitled to Recover Difference Between Advances and Commissions Earned.*

A contract of a salesman, employed on a commission basis, provided that certain advances be made him by the employer

which should be charged against his earned commissions. The contract did not make the salesman personally responsible for the advances, either directly or by implication. The commissions earned did not equal the amount advanced. HELD: The advances are not loans, and the difference between them and the earned commissions cannot be recovered from the salesman.

(Agency, 2 C. J. § 452; Master and Servant ,39 C. J. § 207.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mercer County.

Action by the Richmond Dry Goods Company against C. B. Wilson. Judgment for plaintiff, and defendant brings error.

*Modified and affirmed.*

*Sanders, Crockett, Fox & Sanders,* for plaintiff in error.
*Arthur F. Kingdon,* for defendant in error.

Hatcher, Judge:

This is an action broughth by a wholesale merchant against its traveling salesman to recover of him advances in excess of earned commissions. The contract between the parties stated a schedule of commissions the salesman was to receive, and then provided: "It is understood and agreed that you are to pay all expenses. We agree to advance weekly expense account, which amounts are to be charged against earned commissions. We agree to pay a drawing account of $200.00 per month, payable semi-monthly, which is to be charged against your earned commissions." The employment continued for four years. Accounts of his expenditures were turned in weekly by defendant, which were promptly paid by plaintiff. The advances consistently exceeded the earned commissions throughout the entire period. No demand for the excess was ever made of defendant until his relation with plaintiff terminated.

Plaintiff sued for $5,232.73. This amount is composed of the excess with interest, and $160.50 admittedly due plaintiff on a note of defendant. Upon a demurrer to the evidence by the defendant, the jury found for the plaintiff the amount

demanded, if the law be for it as to the excess, and $160.50 for it, if the law be for the defendant thereon.

The law supported by the weight of authority in respect to such contracts is stated in Labatt's Master and Servant (2d ed.) 2 Vol., sec. 461, pages 1358-9: "Such contracts do not, in the absence of an express stipulation to that effect, impose upon the employee a personal obligation to return the sums advanced to or withdrawn by him, in the event of his not earning enough in commissions to off-set them. Accordingly if the amount of the advances or withdrawals exceeds the amount of the commissions earned by him, an action will not lie against him to recover the excess." A like statement of this law is made in 2 C. J. Title "Agency," sec. 452, page 787. It is restated with larger annotation in 39 C. J., Title "Master and Servant," sec. 207, pages 153-4. Leading cases upholding this rule are *Nelson* v. *Am. Bus. Bureau,* 241 Ill. App. 432; *Schlesinger* v. *Burland,* 85 N. Y. S. 350; *Luce* v. *Plantations Co.,* 195 Mass. 85; *Newton W. & W. Co.* v. *Hocker* (Tex.) 220 S. W. 233; *Leiberman* v. *Weil,* 141 Wis. 635; *Arbaugh* v. *Shockney,* 34 Ind. 268; *Roofing Sales Co.* v. *Rose* (N. J.) 137 Atl. 211. A few decisions are not in harmony with the rule: *Straus* v. *Cohen Bros.* 160 Ill. A. 337; *Martinez* v. *Cathey* (Tex.) 215 S. W. 370; *Clarke* v. *Eastern Adv. Co.* 160 Me. 59 and *Snellenberg* v. *Levitt,* 282 Pa. 65. The first three may be differentiated from the general rule under the terms of the contract or the facts of each case. However, the Pa. decision bluntly held the employee personally liable for the excess of advances over commissions, for the reason that the contract failed to exonerate him from personal liability. The silence of a contract in this respect is regarded quite differently by proponents of the majority rule. Their view is forcefully expressed in *N. W. Ins. Co.* v. *Mooney,* 108 N. Y. 118 (123-4) as follows: "There is no express agreement on the part of Mooney to pay back the money; there is no agreement that its advance shall create an indebtednes on his part; no word signifying that he is to be a borrower, nor that the plaintiff will lend to him any money. * * * It would have been much more natural to insert words signifying that to be

the true character of the transaction, if it was so intended, than omit them. * * * It would have been a simple matter to have said that Mooney would repay the money, if that was the agreement, and that such or similar words were not used is one proof, among others, that the parties never intended to enter into such an agreement.''

Counsel for the plaintiff relies upon the statement in the contract that defendant is to pay all expenses. The course pursued by the parties does not indicate that they considered the defendant to be personally obligated. He did pay the expenses in the first instance, thereby doing what the strict letter of the contract exacted. But upon receipt of his expense accounts, the plaintiff reimbursed him. These repayments quite evidently constitute the advances referred to in the contract. Personal responsibility is not consistent with the explicit covenant in the contract that the advances were to be charged, not to defendant, but *against his earned commissions.* We might treat the expression of that covenant as merely casual were it not repeated in the next sentence of the contract which charges the drawing account also *against the earned commissions.* In no place does the contract refer to personal liability. The earned commissions are the only source of reimbursement mentioned. Twice it stipulates that the advances are to be charged against them. The expression must be taken as intentional. In construing a somewhat similar contract, it was held: ''The reiteration is impressive.'' *Clarks* v. *Eastern Adv. Co., supra,* page 62.

We cannot construe this engagement to imply that all the risk was taken by the employee. We regard it rather as signifying a joint enterprise in which the employee furnished his time and ability and the employer furnished the money necessary to enable the employee to devote himself thereto. Both expected the adventure to produce a fund (the earned commissions) from which each would be fully compensated— the one for his time and labor, and the other for his money. The advances are therefore not regarded as loans to the employee but as speculations in a common enterprise. ''In its strictly etymological significance, the 'advance' of money

would not imply a loan. Century Dictionary, 'Advance'; 1 Am. & Eng. Ency. of Law (2d ed.) 757. We speak of an advance of wages and an advance of salary, yet no one would regard this as a loan of so much money to the employee, which he has promised or is expected to repay. Again, for the purposes of a joint adventure, one agrees to give his services, and the other to advance the capital required. No one would consider the former bound to repay the capital advanced out of his own means. Hence, without a promise to repay, express, or fairly to be implied from the agreement under which the advances were made, a promise to advance money for a particular purpose—as here, the furtherance of the defendant's business—does not import an expectation of its return personally by the person to whom the money was advanced." *Schlesinger* v. *Burland, supra,* p. 351. See also *Arbaugh* v. *Shockney, supra,* p. 275.

No reason appears why this case should be excepted from the majority rule. We find no implication in the contract that the defendant is personally liable for the excess advanced. We therefore hold that the law is with the defendant on the demands of the plaintiff, except as to the item of $160.50 due on defendant's note. The judgment of the lower court will be modified accordingly, and as modified affirmed.

*Modified and affirmed.*