### 19566. FRIED *v.* PORTIS BROTHERS HAT COMPANY.

STEPHENS, J. 1. Where, by the terms of a contract of employment, the employer may discharge the employee when dissatisfied with his services, the employer, when exercising this right, must do so honestly and in good faith and only when the services are in fact unsatisfactory to the employer. *MacKenzie* v. *Minis*, 132 *Ga.* 323 (63 S. E. 900, 23 L. R. A. (N. S.) 1003, 16 Ann. Cas. 723). Where the discharge of the employee purports to be upon the ground that his services are not satisfactory to the employer, yet they are in fact satisfactory, the discharge, notwithstanding the purported ground assigned by the employer, is not a discharge because the employee's services are unsatisfactory to the employer. Where such discharge is not otherwise justified, it is wrongful and constitutes a breach of the contract.

2. The breach of the contract consists in the discharge of the employee in violation of the contract. Where the contract permits the discharge when the employee's services are unsatisfactory to the employer, a breach of the contract is shown where it appears that the employee's services were not unsatisfactory to the employer, and that the employer when discharging the employee upon the ground that the latter's services were unsatisfactory falsely, fraudulently and in bad faith gave this as a reason for the employee's discharge. In a suit against the employer to recover damages for the alleged breach of the contract in discharging the employee, it is only necessary to allege that the defendant's services were not in fact unsatisfactory to the employer, and that the employer's assignment as a reason for the employee's discharge that his services were unsatisfactory was false and made fraudulently and in bad faith. It is not necessary to allege specifically upon what ground the discharge was actually made.

3. A contract of employment under which the employee is to act as a salesman for the employer for a definite period of time and is given a "drawing account" payable monthly in designated installments dur-

ing the term of the contract, the payments made on the drawing account to be charged against commissions to be earned by the employee as a salesman, and which provides that the employer is to advance to the employee amounts to be mutually determined by them from time to time as traveling expenses for the employee, and which are to be charged against the commissions to be earned by the employee, the amounts paid to the employee as a drawing account, although chargeable against the commissions to be earned by him, are nevertheless unconditional payments for services rendered, irrespective of the amount of commissions which the employee may earn. Where the employee is unlawfully discharged before the expiration of the term of employment, and, before the expiration of the term, brings suit against the employer for damages sustained by reason of such discharge, the employee's measure of damages is the salary or advancements which he is entitled to receive under the terms of the contract for the remainder of the term, subject to reduction by proof at the trial. Civil Code (1910) §§ 3588, 3589; *Roberts* v. *Rigden*, 81 *Ga.* 440 (7 S. E. 742).

4. In a suit brought by the employee against the employer, before the expiration of the term, to recover damages for an unlawful discharge of the employee, to the plaintiff's damage in an amount which the employer had agreed to advance or pay to the plaintiff during the remainder of the term, where it appeared from the petition that the discharge was illegal, the petition set out a cause of action. It was good against the general and special demurrers.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

Decided January 24, 1930.
Adhered to on rehearing, March 1, 1930.

*Jones, Jones, Johnston & Russell,* for plaintiff.
*Park & Strozier,* for defendant.