20845.   FRIED *v.* PORTIS BROTHERS HAT COMPANY.

DECIDED AUGUST 29, 1931.

*Jones, Jones, Johnston & Russell,* for plaintiff.

*Park & Strozier,* for defendant.

JENKINS, P. J. This was a suit by Harry Fried against Portis Brothers Hat Company for damages on account of the alleged breach by the defendant of a contract by which Fried was employed as a traveling salesman. The court sustained a demurrer to the petition, and the judgment was reversed by this court. *Fried* v. *Portis Brothers Hat Co.,* 41 *Ga. App.* 30 (152 S. E. 151). On the trial, while it appears from the evidence offered on behalf of the plaintiff that the defendant had not expressly stated its dissatisfaction with his services prior to discharging him, there is nothing to indicate that the defendant was as a matter of fact satisfied with his services, and that in discharging him it expressed dissatisfaction in bad faith and fraudulently, and as a mere excuse for discharging him. Not only does the evidence fail to show that the defendant was not in fact dissatisfied with the services of the plaintiff, but the evidence strongly indicates that the defendant was in fact dissatisfied, and that there was ground for such dissatisfaction. The contract sued upon provided that the plaintiff should have a drawing account of $300 per month, and that the defendant should advance him such amounts for traveling expenses as it might "deem necessary." Both the amounts advanced on the drawing account and the sums advanced as traveling expenses were to be charged against the commissions to be earned by the plaintiff, and the plaintiff testified that at the time of his discharge he had overdrawn his account $2600. It further appears, from his testimony, that he had from time to time drawn on the defendant for traveling expenses, but had discontinued the practice after several drafts had been turned down, and had written the defendant that he would not draw on them any more; that he had allowed certain customers six per cent. discount on their purchases, when the regular discount allowed by the defendant was two per cent.; and that he had guaranteed the account of one of his customers, which was not paid until several months after his discharge. While it appears from the testimony of the plaintiff that the defendant had actually allowed the six per cent. discount to several customers, it does not appear that such conduct on the part of the plaintiff

was such as the defendant considered desirable and satisfactory, although it might have sought to make the best of it. We think the testimony of the plaintiff and the evidence submitted in his behalf not only fail to carry the burden of showing that the defendant was in fact satisfied with his services, and that the statement of its dissatisfaction was fraudulent and in bad faith, but, on the contrary, the plaintiff's own evidence indicates that the defendant was in fact dissatisfied.

*Judgment affirmed. Bell, J., concurs. Stephens, J., dissents.*