### 25587. SMITH v. FRANKLIN PRINTING COMPANY INC.

SUTTON, J. 1. A motion in arrest of or to set aside a judgment may be interposed, as provided by statute, where it appears from the face of the record or the pleadings that no cause of action exists against the defendant. *Tolbert* v. *Tolbert*, 41 *Ga. App.* 737 (154 S. E. 655); Code, §§ 110-702, 110-703, 110-704. But "a judgment may not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form." § 110-705.

2. Where a principal advances money to his agent on a drawing account against his commission to be earned as a salesman for selling merchandise, and his commission does not amount to the sum advanced, the employer can not, in the absence of an express or implied agreement, or promise to repay any excess of advances over the commissions earned, recover such excess from the employee. 2 Am. Jur. 229; Richmond Dry Goods Co. *v.* Wilson, 105 W. Va. 221 (141 S. E. 876, 57 A. L. R. 31, 33); 2 C. J. 787; 39 C. J. 153. And see *Fried* v. *Portis Hat Co.*, 41 *Ga. App.* 30 (152 S. E. 151).

386

3. But where an employer files a petition against a salesman for the recovery of $253.08, alleging that "said indebtedness is due by defendant to petitioner as a balance of overdraft on money advanced by petitioner to defendant against his commissions as a salesman and representative of plaintiff from July 1, 1932, to June 30, 1933," and the defendant files a demurrer and answer to the petition, but fails to appear at the trial of the case to prosecute his defenses, and the court overrules the demurrer, and a verdict and judgment are rendered against the defendant, such judgment is valid, although the petition fails to allege any agreement between the employer and employee that if the sums advanced exceeded the commissions earned the employee was to return to the employer any such excess. The petition could have been amended in this respect, and this defect was cured by the verdict and judgment. Code, § 110-705; *Weems* v. *Kidd*, 37 *Ga. App.* 8 (138 S. E. 863).

4. "A demurrer should be determined before the case is submitted, even though the demurrant and his counsel be absent without leave." *Seaboard Air-Line Ry. Co.* v. *Jolly*, 160 *Ga.* 315, 318 (127 S. E. 765); *Vaughn* v. *Farmers & Merchants Bank*, 20 *Ga. App.* 725 (93 S. E. 228).

5. Applying the above principles, the judge of the municipal court of Atlanta erred in vacating the judgment overruling the defendant's demurrer, and in sustaining the motion of the defendant to set aside the judgment against him, rendered by the judge without the intervention of a jury, on the testimony of the plaintiff. It follows that the appellate division of the municipal court of Atlanta did not err in reversing the judgment and in rendering final judgment in favor of the plaintiff for the principal sum sued for with interest.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 19, 1936.

*Bryan, Middlebrooks & Carter, John A. Dunaway,* for plaintiff in error.

*W. O. Slate, Thomas J. Lewis,* contra.