VAN ALLEN SUTTON *v.* ALFRED J. AVERY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 5—decided November 8, 1945.

*Joseph M. Freedman,* with whom, on the brief, was *George Miske,* for the appellant (plaintiff).

*Henry C. Stone,* for the appellee (defendant).

JENNINGS, J. This was a suit on the common counts with bill of particulars for money advanced by the plaintiff to the defendant. The finding is not subject to material correction. It may be summarized as follows: The defendant was employed by the plaintiff to sell, on commission, baby chicks raised by the latter. It was agreed that the parties would settle their accounts each week. The defendant was not very successful in obtaining orders and his commissions were insufficient to pay his necessary living expenses, in-

cluding the cost of operating the automobile purchased by him for use in the business. At the end of the first week, it was agreed that the plaintiff, in the event that the commissions earned did not amount to $25 a week, would turn over to the defendant such sum as would make up the difference between the amount of commissions earned and $25. This latter sum was fixed by the parties as the amount required to meet the defendant's living and traveling expenses. The plaintiff substantially complied with this agreement and the sums turned over to the defendant thereunder were described as "loans" on the weekly settlement slips and as "advances" on a ledger page to which these amounts were posted. When the defendant had been working about six months, these advances amounted to $387.25, and the plaintiff notified the defendant that he would not continue to turn over any further weekly sums. Thereupon the defendant quit. Within a month thereafter the defendant told the plaintiff that he would be willing to reimburse the plaintiff at the rate of $5 per week if his future circumstances permitted it.

The trial court concluded, in effect, that the defendant neither expressly nor impliedly agreed to repay the plaintiff and rendered judgment for the defendant. The question on this appeal is whether that result reasonably could be reached on the finding.

The answer is to be found in the terms of the agreement entered into by the parties. This agreement amounted to a contract by the plaintiff to guarantee a weekly return to the defendant of an amount equal to the latter's minimum requirements for living and traveling expenses. This was the basic proposition. The liability of the defendant was not enlarged so as to require a conclusion that the advances were loans by the finding that "There was no promise made by the defendant . . . to repay the weekly sums turned

over to him unless and until he had built up the business sufficiently large to enable him to take care of his expenses out of the income therefrom and have money over," a condition which did not occur. The indefinite promise by the defendant to reimburse the plaintiff "if his [the defendant's] future circumstances permitted it," made after he quit, was not an absolute promise to pay as a matter of law, even if, under *Booth* v. *Booth & Bayliss Commerical School, Inc.,* 120 Conn. 221, 228, 180 Atl. 278, it was sufficient to constitute a new promise to stop the running of the Statute of Limitations, and it was in any event without consideration. *Kramer* v. *Wien,* 92 Misc. 159, 155 N. Y. S. 193; *Lester C. Hebberd & Co.* v. *Blake,* 175 N. Y. S. 478. This discussion also disposes of any claim that the plaintiff can recover on either an implied contract or quasi contract. The circumstances are not such that the intention sought to be established, to regard the advances as loans, must be inferred nor do they create an obligation as a matter of law. *Bartlett* v. *Raidart,* 107 Conn. 691, 694, 142 Atl. 398. Even if the advances were to be regarded as sums to be deducted from future commissions, the weight of authority is against recovery. Note, 57 A. L. R. 33. To the cases there cited the following might be added: *Smith* v. *Franklin Printing Co., Inc.,* 54 Ga. App. 385, 187 S. E. 904; *American Furniture Co.* v. *Snell,* (La.) 164 So. 478; *Leighton* v. *Bancamerica-Blair Corporation,* 192 Minn. 223, 255 N. W. 848; *McConnell* v. *Baker,* 170 S. C. 111, 114, 115, 169 S. E. 842.

The conclusion of the trial court was one which it reasonably could reach.

There is no error.

In this opinion the other judges concurred.