34890. VALDOSTA ROOFING & SUPPLY COMPANY *v.* LAWRENCE.

Decided November 18, 1953.

*E. L. Smith,* for plaintiff in error.

*Smith & Gardner, B. C. Gardner, Jr.,* contra.

GARDNER, P. J.  Code § 110-310 provides: "A nonsuit shall not be granted merely because the court would not allow a verdict for plaintiff to stand; but if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted." The plaintiff brought the present suit against the defendant on open account to recover the difference between the total of the weekly sums ($65 a week) advanced to the defendant by the plaintiff and the amount of the profit coming to the defendant from the contracts procured by him for the plaintiff. The defendant was a salesman and the plaintiff a roofing contractor. The remuneration of the defendant for the sale of contracts for the plaintiff company to perform consisted of one-half of the profits of each job or contract procured by him for the plaintiff. The defendant worked for the plaintiff on this basis for ten months and then resigned. When the defendant terminated his employment with the plaintiff, it had advanced to him in weekly sums $463.83 more than the defendant had earned as his portion of profits or commissions on the contracts procured by him for the plaintiff.

"Where a principal advances money to his agent on a drawing account against his commission to be earned as a salesman for selling merchandise, and his commission does not amount to the sum advanced, the employer cannot, in the absence of an express or implied agreement or promise to repay any excess of advances over the commissions earned, recover such excess from the employee." *Smith* v. *Franklin Printing Co.,* 54 *Ga. App.* 385 (187 S. E. 904), citing 2 C. J. 787, 39 C. J. 153, and 2 Am. Jur. 229. See *Fried* v. *Portis Brothers Hat Co.,* 41 *Ga. App.* 30 (152 S. E. 151), to the effect that such weekly advancements, though to be charged to the commissions to be earned by the salesman and deducted therefrom, "are nevertheless unconditional payments for services rendered, irrespective of the amount of commissions which the employee may earn." In the absence of a contractual obligation, "the making of advances to

a salesman against future commissions creates no legal obligation on his part to repay them." Annotation 165 A. L. R. 1364 and cit. In Sutton *v.* Avery, 132 Conn. 397 (44 Atl. 2d 701), the Supreme Court of Connecticut said that in its strictly etymological significance the "advance" of money would not imply a loan of money.

Admitting all the facts proved and all reasonable deductions from them, the plaintiff failed to make out a case authorizing it to recover from the defendant the sum sued for, and the trial court did not err in sustaining the motion of defendant, made at the conclusion of the plaintiff's evidence, for the grant of a nonsuit.

The fact that the defendant had in a letter to the plaintiff stated, "in reference to the amount I am in arrears. I intended to work it off. You see I have a lot of money invested in the prospects I have over there and I would like to sell enough to retire the amount," does not imply any contractual obligation, express or implied, on the part of the defendant to repay to the plaintiff the sums advanced by the plaintiff to him.

The trial judge properly granted the nonsuit.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*