38784. FOSTER v. UNION CENTRAL LIFE INSURANCE COMPANY.

DECIDED MARCH 17, 1961—REHEARING DENIED MARCH 30, 1961.

422

*Heyman, Abram & Young, Joseph Lefkoff,* for plaintiff in error.

*Crenshaw, Hansell, Ware, Brandon & Dorsey, Harry V. Lamon, Jr.,* contra.

TOWNSEND, Presiding Judge. ■ It is noted that the original employment contract, while it does not bind the plaintiff to make the defendant any advances against commissions earned or to be earned, authorizes such advances to be made, does not treat them as a general indebtedness if made, and provides only for a commitment on the part of the defendant to repay out of commissions earned. Such payments, when made, are "unconditional payments for services rendered, irrespective of the

amount of commissions which the employee may earn." *Fried v. Portis Bros. Hat Co.*, 41 Ga. App. 30 (3) (152 S. E. 151). In the absence of an express or implied agreement to repay advances in excess of commissions earned, there is no obligation on the part of the employee to repay. *Valdosta Roofing &c. Co. v. Lawrence*, 89 Ga. App. 168 (79 S. E. 2d 10). Since the original agreement contemplated that advances might be made, the so-called receipt which the defendant signed upon receipt of the money must be considered, not as a document in the nature of a promissory note as the plaintiff insists (there being no unconditional promise to pay as required by *Code* § 14-201) but rather the receipts must be considered as instruments ancillary to the original employment contract. There is no doubt but that a benefit accrued to the defendant; he re-received advances which the employer was not bound under the contract to make. He covenanted in return to repay the advances out of commissions (which he had already obligated himself to do) and in addition that they might be repaid out of persistency allowances. He further covenanted that, if within two years he became engaged in writing life insurance "in any state or territory in which The Union Central is licensed to operate," the advance should lose its character as an advance and *become* a debt, due and payable on demand. It follows from the terms of the agreement that the advances were not debts in the first instance, except in the very limited sense that they were to be charged against commissions earned, and that they would never become debts unless the defendant should go to work for a competing company within the time limited.

■ "A contract which is against the policy of the law cannot be enforced; such are contracts . . . in general restraint of trade." *Code* § 20-504. "In determining the reasonableness of a restrictive covenant, greater latitude is allowed in those covenants relating to the sale of a business, or dissolution of a partnership, than in those covenants ancillary to an employment contract." *Orkin Exterminating Co. v. Dewberry*, 204 Ga. 794, 803 (51 S. E. 2d 669). Whether or not such a covenant is void is for the court to determine, and the rule to be followed is that all such contracts, considered only in the abstract and without

regard to the immediate situation presented, are void, but that such a contract may be held valid if it is reasonable as between the parties, serves a proper function as protection of the legitimate interests of the employer, and is not specially injurious to the public. *Turner v. Robinson,* 214 Ga. 729 (107 S. E. 2d 648). Such stipulations are usually desired by one contracting party to prevent the other from working a hardship on it by taking advantage either of knowledge gained or customers procured, and bringing such knowledge or customers to a competing firm. This company did not desire to protect itself from loss of trade should this defendant later change his employment, for it placed no such restriction in the employment contract. What it wanted to do was to insure the return of money advanced by it. It was not, however, reasonable as between the parties, for it gave rise to a situation where the employer could terminate the contract and then keep the employee, an insurance salesman, from working in any state or territory where the employer was licensed to operate. The petition alleges that the insurance company is licensed to operate in Georgia, it does not allege whether it is licensed to operate in the other 49 States, but, on demurrer, the petition will be construed against the pleader, and it thus becomes inferable that this covenant would prevent the defendant from working anywhere in the United States at his employment for a space of two years. Obviously, this condition has nothing to do with the legitimate business interests of the employer, and is, as to the employee, completely unreasonable in territorial extent. See *Orkin Exterminating Co. v. Dewberry,* 204 Ga. 794, supra; *Thomas v. Coastal Industrial Services,* 214 Ga. 832 (108 S. E. 2d 328); *Floding v. Floding,* 137 Ga. 531 (73 S. E. 729); *Bonner v. Bailey,* 152 Ga. 629 (110 S. E. 875); *Everett v. Boone,* 157 Ga. 372 (121 S. E. 240); *Carson v. Sun Life Assurance Co.,* 56 Ga. App. 164 (192 S. E. 241). It follows that the condition, the breach of which gave rise to this cause of action, is void because unreasonable and in restraint of trade, and no cause of action for the amount of the advances can be based thereon.

■ The plaintiff urges, on the authority of *Deacon v. Equitable Life Assurance Society,* 17 Ga. App. 74 (86 S. E. 91);

Barr v. Sun Life Assurance Co. of Canada, 146 Fla. 55 (200 So. 240), that the covenant here does not restrict the employee in his choice of whom to work for; it merely stipulates that if he is working for somebody else, he is entitled to less of the benefits of this employer than he would otherwise be. The employment contracts in those cases contained provisions that the salesman would not be entitled to renewal premiums on policies written for the employer while working for another employer. That is a very different situation from using the restriction, as the employer here does, as a means of changing the nature of the transaction from that of an advance to that of an ordinary debt, on penalty of debarring the salesman from practicing his livelihood for a period of two years. The negative covenant, so considered, is no longer a legitimate business interest of the employer but a penalty clause to enforce repayment of that which the employee is not in law bound to repay under the terms of his contract of employment.

The trial court erred in overruling the general demurrers to the petition.

*Judgment reversed. Carlisle, Frankum and Jordan, JJ., concur.*