39537.   ROXY FURNITURE & NOVELTY COMPANY, INC. v. BRAND.

DECIDED MAY 23, 1962.

*Samuel L. Eplan, Holcomb & McDuff,* for plaintiff in error.
*Hicks & Howard, Claud M. Hicks, G. Robert Howard,* contra.

NICHOLS, Presiding Judge. 1. "Where a principal advances money to his agent on a drawing account against his commission to be earned as a salesman for selling merchandise, and his commission does not amount to the sum advanced, the employer can not, in the absence of an express or implied agreement, or promise to repay any excess of advances over the commissions earned, recover such excess from the employee. 2 Am. Jur. 229; Richmond Dry Goods Co. v. Wilson, 105 W. Va. 221 (141 SE 876, 57 ALR 31, 33); 2 CJ 787; 39 CJ 153. And see *Fried v. Portis Hat Co.,* 41 Ga. App. 30 (152 SE 151)."

*Smith v. Franklin Printing Co.,* 54 Ga. App. 385 (2) (187 SE 904). See also *Valdosta Roofing &c. Co. v. Lawrence,* 89 Ga. App. 168 (79 SE2d 10); and *Foster v. Union Central Life Ins. Co.,* 103 Ga. App. 420 (1) (119 SE2d 289). The employment contract, dated November 1, 1958, called for advances to be made for a period of ninety days only and of necessity the express agreement to repay any deficiency could apply only to the advances which the employer expressly agreed to make. The petition expressly alleged that the defendant was not "overdrawn" on December 31, 1959, that he began his employment on November 1, 1958, and that the amount sued for accrued during the first ten months of 1960. The petition fails to allege either an express or implied agreement on the part of the defendant to repay any advances made after the first ninety days of employment and the trial court did not err in sustaining the defendant's general demurrer and dismissing the petition.

2. The remaining assignment of error, that the trial court erred in overruling the plaintiff's oral motion to strike the defendant's answer, in view of the above ruling, is nugatory and will not be passed upon.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*