40154.  KENNESAW LIFE & ACCIDENT INSURANCE COMPANY v. HENDRICKS.

Decided July 2, 1963.

*Smith, Field, Ringel, Martin & Carr, John William Malone, H. A. Stephens, Jr., Edward Kern,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Emmett F. Bondurant,* contra.

FELTON, Chief Judge.   The question raised by the appeal is whether a principal who advances money to his agent, offsetting such advances against the agent's commissions on the sales of insurance policies, can recover from the agent any excess of advances over the commissions earned, in the absence of any provision in the contract of employment for such advances or

any express or implied agreement, or promise to repay such excess.

"Where a principal advances money to his agent on a drawing account against his commission to be earned as a salesman for selling merchandise, and his commission does not amount to the sum advanced, the employer can not, in the absence of an express or implied agreement, or promise to repay any excess of advances over the commissions earned, recover such excess from the employee. 2 Am. Jur. 229; Richmond Dry Goods Co. v. Wilson, 105 W. Va. 221 (141 SE 876, 57 ALR 31, 33); 2 CJ 787; 39 CJ 153. And see *Fried v. Portis Bros. Hat Co.,* 41 Ga. App. 30 (152 SE 151)." *Smith v. Franklin Printing Co.,* 54 Ga. App. 385 (2) (187 SE 904); *Valdosta Roofing &c. Co. v. Lawrence,* 89 Ga. App. 168 (79 SE2d 10); *Foster v. Union Central Life Ins. Co.,* 103 Ga. App. 420 (1) (119 SE2d 289); *Roxy Furniture &c. Co. v. Brand,* 106 Ga. App. 104 (126 SE2d 295); 165 ALR 1367. Such payments, when made, are "unconditional payments for services rendered, irrespective of the amount of commissions which the employee may earn." *Fried v. Portis Bros. Hat Co.,* supra (3).

*Code* § 56-801b (1) defines "agent" as follows: " 'Agent' shall mean an individual, appointed or employed by an insurer who solicits insurance or procures applications therefor, or who in any wise, directly or indirectly, makes or causes to be made any contract of insurance for or on account of an insurer, or who as representative of an insurer receives or receipts for money for transmission to the insurer for a contract of insurance, anything in the application or contract to the contrary notwithstanding. The term 'agent' as used in this Chapter shall not include a person acting for or as a collection agency, or an attorney at law admitted to practice in this State, when handling the collection of one or more premiums as a collection matter, nor shall it include a person who shall perform exclusively clerical work, or exclusively work of an office of an insurer or representative thereof not involving solicitation of insurance, signing or countersigning of contracts, or the receipts of premiums. The term 'agent' includes subagent." Under the employment contract, the defendant is an "agent" of the plaintiff within the above definition of "agent" in the Insurance Code, notwithstanding the provision of the

contract that he shall be deemed an independent contractor. The contract stated at the outset that the plaintiff "hereby appoints [defendant] its *agent.*" (Emphasis supplied). Construing the contract as a whole and as to the duties of the defendant thereunder, and construing it against the *plaintiff*, who wrote it, the defendant must be considered an agent. *Code* § 20-704 (5). The plaintiff can not be permitted to obtain the services of an *agent* and at the same time designate him as an *independent contractor*, thereby attempting to reduce its liability towards him. As an agent, therefore, the defendant comes within the principle cited hereinabove as to advances made.

A prerequisite to the right of the principal to recover the excesses of advances over earned commissions, under the authorities cited, is the existence of an "express or implied agreement, or promise to repay" such excesses. A reading of the entire employment contract, pursuant to the provisions of which the alleged indebtedness is alleged to have originated, shows that there are no provisions therein for advances to the defendant. Paragraph 14 thereof makes the defendant responsible to the plaintiff for advances made by the plaintiff to all agents appointed by or assigned to the defendant, but advances to the defendant himself are not mentioned. Nor can the provisions of paragraphs 32, 39 and 50, which refer to payment of debts due the plaintiff, be construed to mean that these advances were debts, since, as a matter of law, they are not recoverable in the absence of an "express or implied agreement, or promise to repay" them. Since the advances were not made pursuant to the written contract, it is apparent that they must have been made pursuant to a parol agreement. There being no allegation that such parol agreement, if it in fact existed, contained any express or implied agreement or promise to repay the excess of advances over earned commissions, on general demurrer we must assume that there was no such agreement or promise. *Hulsey v. Interstate Life &c. Ins. Co.*, 207 Ga. 167 (2) (60 SE2d 353); *Evans v. Dickey*, 50 Ga. App. 127 (1) (177 SE 87). The failure of the petition to allege this essential fact made it subject to the general demurrer; therefore the court did not err in sustaining the general demurrer and dismissing the action.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*