40264.   ARMSTRONG v. SECURITY LIFE
& TRUST COMPANY.

DECIDED SEPTEMBER 4, 1963.

*Lindsey & Langford, Wendell C. Lindsey,* for plaintiff in error. *Greer, Hall & Morris, Richard G. Greer,* contra.

Nichols, Presiding Judge. " 'Where a principal advances money to his agent on a drawing account against his commission to be earned as a salesman for selling merchandise, and his commission does not amount to the sum advanced, the employer can not, in the absence of an express or implied agreement, or promise to repay any excess of advances over the commissions earned, recover such excess from the employee. 2 Am. Jur. 229; Richmond Dry Goods Co. v. Wilson, 105 W. Va. 221 (141 SE 876, 57 ALR 31, 33); 2 CJ 787; 39 CJ 153. And see *Fried v. Portis Hat Co.,* 41 Ga. App. 30 (152 SE 151).' *Smith v. Franklin Printing Co.,* 54 Ga. App. 385 (2) (187 SE 904.) See also *Valdosta Roofing &c. Co. v. Lawrence,* 89 Ga. App. 168 (79 SE2d 10); and *Foster v. Union Central Life Ins. Co.,* 103 Ga. App. 420 (1) (119 SE2d 289)." *Roxy Furniture &c. Co. v. Brand,* 106 Ga. App. 104, 105 (126 SE2d 295).

The contract signed by the parties on March 10, 1961, included language which related to any indebtedness which might be owed the company by the defendant at the time the agency relationship was dissolved. Therefore, it covered the same subject matter as the letter to the plaintiff which was attached to the petition (under the terms of which letter the defendant would be indebted to the plaintiff for all sums advanced less commissions, etc., earned), and if accepted by the plaintiff prior to the execution of the agency contract was merged into it by the express terms of such contract, and under the decision of this court in *Foster v. Union Central Life Ins. Co.,* 103 Ga. App. 420, supra, the terms of the agency contract would not bind the defendant to repay advances in excess of commissions earned.

The letter of February 9, 1961, was not a contract however, which would be merged into the agency contract unless the defendant's application for financial assistance was accepted

prior to the time the agency contract was executed. The letter to the defendant from the company, dated March 10, 1961, and introduced in evidence, informed the defendant that his agency contract had been approved effective February 27, 1961, and that his request for financial assistance had also been approved. Such letter did not show that the financing assistance had been approved prior to, or even simultaneously with, the approval of the agency agreement, and the only other documentary evidence as to the order in which the agreements or contracts were entered into was the evidence as to the first check issued to the defendant under the financing assistance agreement which check was issued on March 14, 1961, after the agency agreement was executed on March 10, 1961. The plaintiff presented oral testimony that the agency contract was entered into before the financing assistance agreement was approved, while the defendant testified that the financing agreement was approved by the plaintiff before the agency contract was executed.

The agency contract did not, as a matter of law, supersede and void the express promise of the defendant to repay the advances made against commissions. The evidence authorized the judgment for the plaintiff and the trial court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*