## 40658. WHITTIER v. NATIONWIDE MUTUAL INSURANCE COMPANY.

PANNELL, Judge. 1. The cardinal rule for the construction of a petition is to ascertain the intention of the pleader. *Cook v. Grimsley,* 175 Ga. 138 (165 SE 30). Pleadings, on demurrer, are construed as a whole and given their natural intent. *Georgia Power Co. v. Leonard,* 187 Ga. 608, 614 (4) (1 SE2d 579). The final test of the sufficiency of a petition is whether the defendant can admit all that is alleged and escape liability. *Pullman Palace Car Co. v. Martin,* 92 Ga. 161, 164 (18 SE 364).

2. Where a suit on account for a named sum has attached thereto and made a part thereof as an exhibit a statement showing charges for "advances" and credits for commissions, and showing a "balance due Nationwide Mutual Insurance Companies as of February 8, 1962," in the sum sued for, which statement of account is certified by a named person as "Accounts supervisor, Nationwide Insurance Companies" to be a true and accurate statement of the defendant's "Career Plan Account," and there is also attached to the petition and made a part thereof as an exhibit a letter signed by the defendant and addressed to several insurance companies, including the plaintiff, requesting that the defendant be "put on the career agent's financing plan of the companies," and indicating clearly that advances may be drawn against commissions, and that the commissions may be withheld by the companies and applied against the advances, and that the advances shall be

a debt due by the defendant "to the companies," and the defendant in said letter agrees to repay the excess of advances over commissions, and the letter shows that the plaintiff company is to make all advances and authorizes the other companies to pay the commissions earned by the defendant to the plaintiff, such a suit, with the exhibits attached, is sufficient to set forth a cause of action. It follows that the trial judge did not err in overruling the general demurrer interposed by the defendant. Those cases holding that, in the absence of an agreement, express or implied, the making of advances to a salesman against future commissions creates no legal obligation on his part to repay them, *Armstrong v. Security Life &c. Co.,* 108 Ga. App. 293, 294 (132 SE2d 798), and cases cited, have no application to the present case where there appears to be an express agreement to repay the advances.

3. Inasmuch as the trial judge and the parties treated the demurrer "the defendant demurs generally to plaintiff's petition" as sufficient, and since the ruling of the trial judge in overruling the demurrer is affirmed on the merits of the petition, no ruling is made on the sufficiency of the demurrer to present a question for decision.

4. The only special demurrer to the petition on the ground that "the petition fails to show for what purpose the alleged advances were made to the defendant" is without merit.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

DECIDED APRIL 30, 1964.

*Brannen, Clark & Hester, Eugene McCracken,* for plaintiff in error.

*Charles C. Martin,* contra.