## 45494.   COTA v. ALEXANDER.

ARGUED SEPTEMBER 15, 1970—DECIDED JANUARY 27, 1971.

*Roland P. Smith,* for appellant.

EVANS, Judge. Since the verdict was directed in defendant's favor in the trial court, we have for decision here the sole question: Did the evidence demand a finding that the money sued for represented advances over commissions earned, and that there was no express or implied agreement or promise by the agent to repay such excess to the principal? An examination of the evidence shows that a jury should have decided the issues of fact as to this question. It is apparent from the record and transcript that the trial court sustained the motion for directed verdict based upon the following decisions: *Valdosta Roofing &c. Co. v. Lawrence,* 89 Ga. App. 168 (79 SE2d 10); *Biles v. Home Interiors & Gifts,* 112 Ga. App. 21 (143 SE2d 566). The above-cited authorities are bottomed upon *Fried v. Portis Bros. Hat Co.,* 41 Ga. App. 30 (152 SE 151), and *Smith v. Franklin Printing Co.,* 54 Ga. App. 385 (187 SE 904). Other authorities along this line are *Foster v. Union Central Life Ins. Co.,* 103 Ga. App. 420 (119 SE2d 289); *Roxy Furniture &c. Co. v. Brand,* 106 Ga. App. 104 (126 SE2d 295); and *Kennesaw Life &c. Ins. Co. v. Hendricks,* 108 Ga. App. 148 (132 SE2d 152).

But all of the foregoing authorities are premised upon the condition that the principal and agent contracted with a drawing account contemplated as a part of the agreement; or contracted with an agreement that advances on commissions would be made by the principal to the agent. The rule established by the above cases is a harsh one, and it should not be extended. In the case sub judice a verdict was directed, and, of course, in such cases the evidence must be construed most favorably toward the party opposing the motion for directed verdict. *Thompson v. Neely & Wilcox,* 32 Ga. App. 131, 133 (123 SE 171); *Norris v. Coffee,* 206 Ga. 759 (4) (58 SE2d 812). However, the transcript shows that plaintiff testified that there was no drawing account contemplated at the time of the contract; that no advance commissions were contemplated;

that the money involved here was personal loans out of affiant's personal account, and was not a "draw." It was for the jury to determine as to what was in the minds of the parties when they contracted and when the money was placed by the principal in the hands of the agent.

Accordingly, the trial court erred in directing the verdict against the plaintiff and rendering judgment against him.

*Judgment reversed. Bell, C. J., Eberhardt, Pannell, Quillian, and Whitman, JJ., concur. Hall, P. J., Jordan, P. J., and Deen, J., dissent.*

DEEN, Judge, dissenting. "Where a principal advances money to his agent on a drawing account against his commission to be earned as a salesman for selling merchandise, and his commission does not amount to the sums advanced, the employer cannot, in the absence of an express or implied agreement or promise to repay any excess of advances over the commissions earned, recover such excess from the employee." *Valdosta Roofing &c. Co. v. Lawrence,* 89 Ga. App. 168, 170 (79 SE2d 10). In the present case the defendant regularly received sums of between $300 and $500 in consecutive months in addition and varying according to commissions paid him, which commissions were paid from one to six or more months after the sales to which they were credited were made. Plaintiff entered these checks in his business books under the head of "Advance Commission Account."

His positive testimony was that there was no discussion at the time of the employment contract about whether or not Alexander was entitled to a drawing account or the amount of it. He simply paid out stated amounts each month which he carried on his books as a drawing account. The cases cited in the majority opinion make it clear that under this statement of the case, which is the one most favorable to the appellant, the money must be treated as a draw, and also that in the absence of an agreement to the contrary such a drawing account is not recoverable where it exceeds commissions earned. The majority opinion is placing the burden on the employee to prove a specific agreement or pay back the money where the law puts the burden on the employer to prove a contrary agreement if he seeks repayment. The mere fact that the employer characterized the drawing account as a "per-

sonal loan" adds nothing to the testimony, since he recognizes it as a business expense. The direction of the verdict should be affirmed.

I am authorized to state that Presiding Judge Jordan and Presiding Judge Hall concur in this dissent.