## 64726. WORLUND v. WILLIAMSON.

BIRDSONG, Judge.

Dr. Williamson and Dr. Worlund, both dentists, entered into an oral agreement whereby Worlund would join Williamson in his dental practice in Lilburn, Georgia. The material terms of the agreement are not in dispute. Worlund was to receive a draw of $2,500 per month, which was to be equivalent to 40% of an expected production of business by Worlund of $6,250 per month. Likewise, Worlund would receive 40% of any total production exceeding $6,250 per any month. If Worlund's production fell short of $6,250 in any month, the portion of $2,500 paid to him in excess of 40% of his actual production would be a debt owed by Worlund. Williamson contended that any such debt arising from insufficient production to sustain the $2,500 payments based on 40%, was simply owed by Worlund, of course hopefully and presumably to be paid out of future increased production, but owed in any case. Worlund contended that any such debt was to be paid only out of, and in the event there was any, sufficient future production.

The trial court denied Worlund's motion for directed verdict and granted directed verdict to Williamson. Worlund appeals, contending that the debt was agreed to be paid only out of, and in the event of, sufficient future production, and since there was not such sufficient future production, he does not owe the debt. *Held:*

Appellant Worlund supports his case by citing *Kennesaw Life &c. Co. v. Hendricks,* 108 Ga. App. 148, 151 (132 SE2d 152) for the rule: "A prerequisite to the right of the principal to recover the excesses of advances over earned commissions, under the authorities . . . is the existence of an 'express or implied agreement, or promise to repay' such excesses," either in a written contract or in a parol

agreement. The trial court found such an express or implied agreement in this case. Worlund also contends: "The amounts paid to the employee as a drawing account, although chargeable against the commissions to be earned by him, are nevertheless unconditional payments for services rendered, irrespective of the amount of commissions which the employee may earn." *Fried v. Portis Bros. Hat Co.,* 41 Ga. App. 30 (152 SE 151). The last quoted rule of law, however, has reference only to the right of the employee to receive the agreed draws, and does not mean that under the facts of this case the employee has no duty to repay any excess if there are insufficient future commissions, particularly when the agreement of the parties is otherwise.

The trial court found that it was agreed Worlund would repay any amount of draw he received in excess of 40% of his production. That "the method of repayment should [Worlund] not meet the expected production of $6,250 each month was to be from excess productions in future months," expresses at best a hope and a presumption, but not an absolute condition of repayment. Under the evidence in the case, clear on Dr. Williamson's part and ambiguous on Dr. Worlund's (*Gulden v. Newberry Wrecker Service,* 154 Ga. App. 130, 131 (267 SE2d 763)), it is not reasonable to infer that Dr. Williamson advanced Dr. Worlund nearly $12,000 (which advance was based on the hope and expectation that Dr. Worlund's production would justify the same) under an agreement that the advance payment was lost to the winds if Worlund's production was insufficient to cover it. There is no evidence supporting such an implication except Dr. Worlund's construction of the terms of the agreement, which is ambiguously supported. *Gulden,* supra.

In this case, "there is no conflict in the evidence as to any material issue and the evidence introduced, *with all reasonable deductions therefrom,"* demanded a directed verdict in favor of appellee Williamson. (Emphasis supplied.) Code Ann. § 81A-150. The trial court did not err in its judgment.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED NOVEMBER 4, 1982 —

*G. Hughel Harrison, Samuel H. Harrison,* for appellant.
*Jackson C. Floyd, Jr.,* for appellee.