## 64205. BOWEN et al. v. BUDD.

CARLEY, Judge.

Appellant-plaintiffs were limited partners in two limited partnerships organized for the purpose of real estate development. Appellee-defendant was the sole general partner in each of the two limited partnerships. In 1977, the partnerships were dissolved when the real estate was abandoned. Thereafter, appellants filed a multi-count complaint against appellee. Insofar as it is relevant to the instant appeal, the gravamen of the complaint was the alleged breach by appellee, as the general partner, of the statutory requirement that his conduct in that capacity conform to the "utmost" and "strictest" good faith. See Code Ann. §§ 37-707, 75-201. Appellee answered, denying the material allegations of the appellants' complaint. After extensive discovery, both appellee and appellants moved for summary judgment. Appellee's motion was granted and appellants' motion was denied. It is from this order that the instant appeal is taken.

Appellants' only assertion on appeal concerns the issue of appellee's entitlement as the general partner to retain a certain amount representing a syndication fee. Appellee bases his claim of entitlement to this syndication fee upon a circular, prepared by appellee, which preceded the actual formation of the partnerships themselves. This circular, in the nature of a prospectus, set forth the terms of the proposed underlying real estate investment and offered the recipients an opportunity to become limited partners in a limited partnership with appellee as the general partner. Based upon the successful closing of the real estate transaction on the terms proposed, the circular contained a total "payout schedule" for those who accepted the offer and became limited partners. This total payout schedule contained a provision that payments which would be made by those entering into the venture "include[d] a ten percent

syndication fee."

Appellants do not argue on appeal that, the business venture proposed in the circular having eventually come into existence, the syndication prospectus would not otherwise constitute a binding contract to pay the syndication fee on those who accepted the offer and became limited partners in the partnerships which were ultimately organized. Nor do they contend that the amount retained by appellee as a syndication fee pursuant to their acceptance of the offer to join the venture was in excess of the stipulated ten percent. Accordingly, we do not address those issues in the instant appeal. What appellants do contend, however, is that appellee had no legal authority to claim and retain any syndication fee because of the merger of the syndication prospectus originally proposing the formation of the limited partnerships into the actual limited partnership agreements which were subsequently entered into by the parties. In this regard, appellants rely upon the following merger clause contained in each of the two subsequent limited partnership agreements: "This writing constitutes the entire Agreement among the parties and supersedes any prior understanding or Agreements among them respecting the subject matter." Since, according to appellants, the terms of the syndication prospectus merged into the partnership agreements and the latter agreements make no provision for appellee to receive compensation "other than the distribution to him as a partner," it is asserted that appellee has no underlying right to claim the syndication fee.

On the record before us, the theory of merger is simply inapplicable. "One simple contract does not merge or extinguish another." *Wylly v. Collins & Co.,* 9 Ga. 223, 224 (11) (1851). The evidence shows the existence of separate and distinct contracts — the original syndication agreement on the one hand and the two subsequent limited partnership agreements on the other. Cf. *Armstrong v. Security Life &c. Co.,* 108 Ga. App. 293 (132 SE2d 798) (1963). The syndication agreement dealt with the terms by which prospective subscribers might purchase percentages of a proposed partnership and included, for those interested in accepting the offer, a breakdown of the investment costs in the event the venture should be organized, among which was a syndication fee. The limited partnership agreements, on the other hand, were the ultimate result of appellee's successful efforts to form a syndication and pertained to the future operation of the limited partnerships. It was in his capacity as the moving force behind the successful syndication, not as the general partner in the limited partnerships ultimately organized, that appellee was entitled to the syndication fee. Being separate contracts dealing with essentially different subject matters — the

initial formational solicitation versus the consequential operational organization — the former agreement did not merge into the subsequent ones. Accordingly, it was not error to grant appellee's motion for summary judgment and to deny appellants' on the theory that the contract evidenced by the acceptance of the syndication prospectus merged into the resulting limited partnership agreements.

Appellants' contention that appellee was not entitled to retain a syndication fee due to the confidential relationship subsequently created between the parties as partners is also without merit. As noted above, appellee's entitlement to the fee was based upon the syndication agreement, the underlying validity of which is undisputed on appeal by appellants, and was unaffected by the later contract that gave rise to the partnership relationship between appellee and appellants. Cf. *Armstrong,* 108 Ga. App. 293, supra. See also *Bloodworth v. Bloodworth,* 224 Ga. 717 (164 SE2d 823) (1968); *Georgia Bank & Trust Co. v. Hadarits,* 221 Ga. 125 (143 SE2d 627) (1965).

The trial court did not err in denying appellants' motion for summary judgment or in granting summary judgment in favor of appellee.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED NOVEMBER 16, 1982.

*F. Glenn Moffett, Jr., John Walton Henderson, Jr., L. Prentice Eager III,* for appellants.
*W. Rhett Tanner,* for appellee.