A06A0824. CROSBY v. EAST WEST, INC. et al.

(629 SE2d 41)

BLACKBURN, Presiding Judge.

Following a bench trial, Darren Crosby appeals the judgment against him in favor of Ava Lee and East West, Inc. ("East West") for breach of contract. Crosby contends that the trial court erred by finding that the contract required him to repay money East West advanced to him in anticipation of commissions earned while he worked at East West. For the reasons that follow, we affirm.

On appeal from a bench trial, we do not retry the case. Rather, the appellate standard of review for nonjury trials of disputed material facts is the clearly erroneous test, also known as the "any evidence" rule. As such, the sole question for determination on appeal is whether there is any evidence

---

[6] *Thompson v. State*, 271 Ga. 105, 107 (1) (519 SE2d 434) (1999).

[7] *Weeks v. State*, 274 Ga. App. 122, 124 (1) (616 SE2d 852) (2005).

to authorize the trial court's judgment. It is our duty to construe the evidence to uphold the judgment rather than upsetting it. This is true regardless of whether evidence also existed that may have supported the appellant's position. In the absence of legal error, an appellate court is without jurisdiction to interfere with a judgment supported by some evidence.

*Sledge v. Peach County.*[1]

So construed, the evidence shows that Crosby and his mother, Donna Sloan, approached Lee, East West's owner, seeking employment for Crosby. In their conversations with Lee, they discussed an arrangement whereby East West would make monthly advances to Crosby who would work as a loan officer for East West on a commission basis. Sloan both orally and in a letter offered to personally guarantee repayment of unreimbursed advances not repaid by Crosby.

Pursuant to those conversations, Crosby worked at East West from April 1999 to January 2000. For the period from April 1999 to October 1999, East West paid Crosby $3,500 per month as an advance payment against his earnings under a commission arrangement, whereby Crosby would be entitled to 50 percent of his gross commissions and East West would be entitled to 50 percent of Crosby's gross commissions. Because Crosby's advances exceeded his portion of the commissions, in October 1999, Lee reduced Crosby's advance payment to $2,000 per month and allocated 60 percent of gross commissions to Crosby. Any amount due Crosby in excess of the $2,000 advance would be applied toward repayment of his shortfall from prior advances.[2]

In January 2000, East West ceased operating and Crosby stopped working for East West. Citing Sloan's letter and prior offer to repay East West, Lee requested repayment from Sloan for the balance of the advances made to Crosby. When Sloan refused, East West filed a breach of contract claim against Crosby and Sloan, seeking payment of the unpaid balance of the advanced money for the period from April to October 1999. Sloan moved for summary judgment as to her liability, and in an order that was not appealed, the trial court granted her motion. Following a bench trial, the trial court awarded East West $16,019.70 against Crosby, giving rise to this appeal.[3]

---

[1] *Sledge v. Peach County*, 276 Ga. App. 780, 781-782 (624 SE2d 288) (2005).

[2] Despite this arrangement, in November 1999, Crosby's earned share was less than $2,000, so he was not paid the full $2,000 that month.

[3] Crosby had filed counterclaims under the Fair Labor Standards Act and Georgia Minimum Wage Law, which claims were denied and are not a part of this appeal.

Crosby contends that the trial court erred in finding that the compensation agreement between him and East West guaranteed that he would repay East West the unreimbursed advances he received. We disagree.

The general rule applicable in such cases is as follows:

> Where a principal advances money to his agent on a drawing account against his commission to be earned as a salesman for selling merchandise, and his commission does not amount to the sum advanced, the employer cannot, in the absence of an express or implied agreement or promise to repay any excess of advances over the commissions earned, recover such excess from the employee.

(Punctuation omitted.) *Valdosta Roofing &c. Co. v. Lawrence.*[4] Thus, "[a] prerequisite to the right of the principal to recover the excesses of advances over earned commissions . . . is the existence of an express or implied agreement, or promise to repay such excesses." (Punctuation omitted.) *Worlund v. Williamson.*[5]

Here, the terms of the agreement between Crosby and East West were disputed at trial: Crosby testified that he did not agree to repay East West until he was given the opportunity to work there for twelve months; East West contended that Crosby's repayment obligation ripened after six months. Resolving this conflict in the evidence, the trial court ruled that Crosby was liable for the unreimbursed advances after six months. In support of this conclusion is testimony from Lee, East West's owner, that the agreement with Crosby required repayment after six months of Crosby's employment. Crosby himself testified that he signed a paper at the end of the six-month period stating what he owed and establishing an interest rate on that amount. Crosby also said that he accepted a reduction in his advance to $2,000 at that time, because, at that point, East West's "prerogative was not to pay me anything." Finally, while Crosby testified that he expected to have the opportunity to work at East West for 12 months, he also testified that he never expected East West to "eat the cost" of his advances.

Viewing the evidence in the light most favorable to the trial court's judgment, there was some evidence authorizing the trial court to find that an agreement existed requiring Crosby to pay East West for the balance of his unreimbursed advances. Therefore, we discern no error.

---

[4] *Valdosta Roofing &c. Co. v. Lawrence*, 89 Ga. App. 168, 170 (79 SE2d 10) (1953).

[5] *Worlund v. Williamson*, 164 Ga. App. 300 (297 SE2d 63) (1982).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 21, 2006.

Wimberly, Lawson, Steckel, Nelson & Schneider, Paul Oliver, James L. Stine, for appellant.

Blackburn, Walther, Sloan, Adair & Westmoreland, Donna C. Sloan, Eric T. Johnson, for appellees.