594

## JEFFERSON STANDARD LIFE INSURANCE COMPANY, Plaintiff-Appellant, v. HERRICK, Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.
No. 19266.   Decided October 4, 1943.

Persky & Loeb, Cleveland, for plaintiff-appellant.
Easly & Wursthorn, Cleveland, for defendant-appellee.

### OPINION

By MORGAN, P. J.

This is an appeal from the Municipal Court of the City of Lakewood, Ohio.

At the conclusion of plaintiff's case, the defendant moved for judgment, in which motion the plaintiff joined. The jury was discharged and judgment was rendered for the defendant. The two principal assignments of error are:

1.   That the judgment is against the manifest weight of the evidence.

2.   That the court erred in overruling plaintiff's motion for a judgment in its favor.

Plaintiff is a corporation engaged in the life insurance business, authorized to do business in Ohio. It employed defendant under the terms of a written agreement dated April 11, 1938, to solicit and to sell life insurance contracts on its behalf. The written agreement, among other things, provided for the payment of commissions to the defendant on the sale of life insurance contracts but there was no provision in the contract for advancements on commissions to be made to the defendant.

After the execution of the written agreement, the plaintiff, through its managing agent, at divers times advanced or loaned to the defendant sums of money as evidenced by checks made payable to the defendant.

After deducting commissions due the defendant, the account between the parties showed a balance of $136.51 in favor of the plaintiff, to recover which it filed this action.

The law as to advances to agents is not in dispute. It is well stated in 2 Corpus Juris Secundum, page 99:

"In the absence of a special agreement an agent who received advances on account of commissions cannot be held to a personal liability for such advances. * * * *.

Where the advances made to the agent constitute a loan to the agent, he is liable therefor."

The only evidence in the record directly bearing on the question whether the monies advanced to defendant by the plaintiff were in the nature of advancements on commissions, or were in the nature of loans, is the endorsement above the signature of defendant which appears on the back of each check received by him from the plaintiff. The endorsement is as follows:

"ENDORSED AND ACCEPTED
as payment in full for account as noted on statement. The check must be endorsed exactly as drawn, in ink, and in the handwriting of the payee. The payee of this check by his endorsement hereof does agree that the amount of this check is an advance to said payee, and that said advance is a personal indebtedness of the said payee, to said Jefferson Standard Life Insurance Company, and shall be a lien against all commissions accruing to said payee and shall be payable with interest at the legal rate immediately upon demand."

In support of his contention that the monies received

by him from the plaintiff in this case were in the nature of advances on commissions, the defendant relies on the words found in the above endorsement:

"The payee of this check by his endorsement hereof, does agree that the amount of this check is an advance to said payee."

If the endorsement ended with the above words, we would be inclined to agree with the defendant's contention in this case. However, immediately following the above words, the endorsement continues:

"And that said advance is a personal indebtedness of the said payee to said Jefferson Standard Life Insurance Company."

It is the opinion of the majority of this court that the words "personal indebtedness" are not ambiguous and, admit of but one meaning; namely, that the defendant became personally indebted to the plaintiff for the amount of each check.

The concluding words of the endorsement "and shall be a lien against the commissions accruing to said payee * *" do not aid the defendant. What is more natural than that the insurance company would desire that the amounts of its loans to defendant should be "a lien against all commissions." If the construction contended for by the defendant were correct it would naturally be provided that the amounts advanced "shall be payable solely from commissions" and not as appears in the endorsement itself "shall be a lien against all commissions."

The cases on this general subject are collected in the note to 57 A. L. R. page 33. They all agree that whether amounts advanced to an agent are to be considered as advances payable only out of commissions or as in the nature of loans, is to be determined in each case by the intention of the parties. In the absence of either an express or implied agreement to repay any excess of advances over commissions earned, the cases generally hold the employer cannot recover such excess. In this case, however, the general rule is not applicable, because of the existence of an express agreement by the defendant to treat the advances as a personal indebtedness to the insurance company.

For the above reasons this case is reversed and inasmuch as the question presented is one of law only involving a con-

struction of the endorsement on each check, final judgment is rendered for the plaintiff for $136.51 with interest from January 27, 1943.

SKEEL, J., concurs. LIEGHLEY, J. dissents.