[Civ. No. 8203.   Fourth Dist., Div. Two.   Jan. 5, 1967.]

E. C. AGNEW, Plaintiff and Appellant, v. MOREY CAMERON, Defendant and Respondent.

Hugh L. Wright and Willis J. Clemons for Plaintiff and Appellant.

Thurman & Barrett and Thomas W. Thurman for Defendant and Respondent.

KERRIGAN, J.—In 1959 plaintiff, as the owner and operator of a neon sign company, employed defendant as a salesman for the purpose of selling and leasing electric signs. Originally, under oral agreement, defendant received for his services a fixed salary of $100 weekly and an expense account, plus a 4 percent commission on cash sales negotiated. Defendant's salary was later increased to $150 weekly. Subsequently, in October 1960 the parties entered into a new oral agreement

respecting the compensation to be paid defendant under which arrangement defendant was to receive as compensation a straight 10 percent commission on all cash sales and pursuant to which agreement plaintiff was to advance defendant the sum of $150 weekly. The 10 percent commission was based on the cash selling price of a sign, and in the event of the leasing of a sign, the parties agreed as to the method by which the cash value of the lease would be established for the purpose of computing defendant's commission. Later in 1962 the parties agreed orally defendant would be paid a stipulated bonus for neon sign leases negotiated by defendant.

In April 1963 the defendant left plaintiff's employ and at the time of his termination, he had received the sum of $5,470.60 in advances or "draws" over and above the amount of commissions earned. Plaintiff then filed suit to recover for advances made in excess of earnings, and defendant filed a cross-complaint for commissions allegedly due. The cause came on for trial before the court sitting without a jury, and after plaintiff rested his case, the defendant made a motion for judgment in conformity with the provisions of section 631.8 of the Code of Civil Procedure, which motion was granted. The trial court found the advances made by plaintiff exceeded the earnings of defendant by the sum of $5,470.-60, but inasmuch as defendant had made no promise, either express or implied, to repay the funds advanced except through sales commissions earned, plaintiff was not entitled to recover the advances made to defendant. Judgment was thereupon entered decreeing plaintiff take nothing by virtue of his complaint and defendant take nothing pursuant to his cross-complaint.

Plaintiff appeals from the judgment on the following grounds: (1) insufficiency of the evidence; and (2) where an employer advances funds to an employee to be repaid out of commissions earned, the employee is liable as a matter of law for the difference between the advances made and the commissions earned, even though the employee, expressly or impliedly, makes no promise to repay the difference.

Plaintiff attacks the findings of the trial court to the effect the employee made no promises, either express or implied, to repay the advanced funds other than from commissions earned, and contends there was ample evidence the advances constituted a *loan* of money to be repaid by the employee to the employer. While there was testimony indicating that the employer, during a short period of defendant's

tenure, made entries on his business books and records indicating that the advances were "loans," there was substantial evidence adduced from the testimony of plaintiff's witnesses to the effect the advances were "draws" against future commissions, and there was further credible evidence to the effect no written or oral promises were ever made by defendant to repay the advances other than through his future commissions. ▐ It is a fundamental principle of review that in examining the sufficiency of the evidence to support a challenged finding an appellate court must accept as true all evidence tending to establish the correctness of the findings made, and the power of the appellate court begins and ends with the determination of whether there is any substantial evidence to support the finding inasmuch as the reviewing court possesses no power to judge the effect or value of the evidence, to weigh the evidence, to consider the credibility of the witnesses, or to resolve conflicts in the evidence or the reasonable inferences that may be drawn therefrom. (*Primm* v. *Primm*, 46 Cal.2d 690, 693 [299 P.2d 231], note 1; *Overton* v. *Vita-Food Corp.*, 94 Cal.App.2d 367, 370 [210 P.2d 757]; *Pfaff* v. *Fair-Hipsley, Inc.*, 232 Cal.App.2d 274, 278 [42 Cal.Rptr. 624]; *Curtis* v. *Mendenhall*, 208 Cal.App.2d 834, 838-839 [25 Cal.Rptr. 627]; *Broadbent* v. *Modern Imperial Cattle Co.*, 208 Cal.App.2d 433, 441 [25 Cal.Rptr. 92]; *Anchor Casualty Co.* v. *Surety Bond Sav. & Loan Assn.*, 204 Cal. App.2d 175, 185 [22 Cal.Rptr. 278].) ▐ Because there was substantial evidence clearly indicating that the money advances constituted draws and were not loans, the trial court was fully justified in entering its findings based on such evidence.

While it is clearly the law in California that a salesman is required to repay the excess of advances made over commissions earned when there is an express agreement on the part of the salesman to repay such excess (*Korry of California* v. *Lefkowitz*, 131 Cal.App.2d 389, 391-392 [280 P.2d 910]), the cardinal issue involved in this appeal has apparently never been squarely decided in California. ▐ The specific issue to be resolved is whether an employee is liable to his employer where the employer makes cash advances against future commissions with no express or implied promise the employee repay the amount of such advances in excess of commissions earned.

The majority rule in the United States is when the contract of employment provides for advances to the employee, which

are to be deducted from commissions earned, as the same may accrue, the employer cannot recover excess advances from the employee in the absence of an express or implied agreement or promise to repay any excess of advances made over commissions earned. (*Argonaut Builders, Inc.* v. *Dare* (1961) 145 Colo. 424 [359 P.2d 366]; *Trenchard* v. *V. J. Dunton Realty Co.* (1959) 141 Colo. 360 [347 P.2d 959]; *Sutton* v. *Avery* (1945) 132 Conn. 397 [44 A.2d 701, 165 A.L.R. 1364]; *Kennesaw Life & Acc. Ins. Co.* v. *Hendricks* (1963) 108 Ga.App. 148 [132 S.E.2d 152]; *Roxy Furniture & Novelty Co.* v. *H. M. Brand* (1962) 106 Ga.App. 104 [126 S.E.2d 295]; *Foster* v. *Union Central Life Ins. Co.* (1961) 103 Ga.App. 420 [119 S.E.2d 289] reh. den.; *Srere* v. *Rapp* (1924) 233 Ill.App. 190; *Hibbs-Kiefer Hat Co.* v. *Schneiderhan* (1930) 236 Ky. 470 [33 S.W.2d 304]; *Shushan Bros. & Co., Inc.* v. *Ortego* (La.App. 1964) 160 So.2d 800; *Landrey* v. *Huber* (La.App. 1962) 138 So.2d 449; *Rex-Metallic Casket Co.* v. *Gregory* (La.App. 1959) 115 So.2d 639, reh. den., cert. den.; *Perma-Home Corp.* v. *Nigro* (1963) 346 Mass. 349 [191 N.E.2d 745]; *Leighton* v. *Bancamerica-Blair Corp.* (1934) 192 Minn. 223 [255 N.W. 848]; *Insurance, Inc.* v. *Sanders* (Mo.App. 1964) 378 S.W.2d 249, reh. den.; *Rhein's Music House, Inc.* v. *Taylor* (Mo.App. 1958) 318 S.W.2d 392, reh. den.; *Hamilton Fire Ins. Co.* v. *Cervantes* (Mo.App. 1955) 278 S.W.2d 20, reh. den.; *Martin Milling Co.* v. *Evelyn* (1965) 179 Neb. 31 [136 N.W.2d 177]; *Joseph Toker, Inc.* v. *Cohen* (1961) 67 N.J.Super. 68 [169 A.2d 838]; *Summer* v. *Fabregas* (1958) 52 N.J. Super 399 [145 A.2d 659]; *Veteran Realty Co.* v. *Marks* (1931) 9 N.J.Misc. 1207 [157 A. 452], aff. on opinion below (1933) in 110 N.J.L. 554 [166 A. 148]; *Amos Parrish & Co., Inc.* v. *Kriegel* (1960) 28 Misc.2d 501 [219 N.Y.S.2d 443]; *Royal Distributors Co.* v. *Friedman* (1955) 141 N.Y.S.2d 786; *Posner* v. *Precision Shapes, Inc.* (1946) 271 App.Div. 435 [65 N.Y.S.2d 733]; *Kleinfeld* v. *Roburn Agencies, Inc.* (1946) 270 App.Div. 509 [60 N.Y.S.2d 485]; *Buchsbaum* v. *Nussbacker, Friedman & Goodman, Inc.* (1943) 179 Misc. 547 [39 N.Y.S.2d 589]; *Harold Furnace Co.* v. *Junglas* (1949) 55 Ohio L.Abs. 9, 40 Ohio Ops. 75 [88 N.E.2d 586]; *Jefferson Standard Life Ins. Co.* v. *Herrick* (Ohio, 1943) 45 Ohio L.Abs. 594 [67 N.E.2d 926]; *McConnell* v. *Baker* (1933) 170 S.C. 111 [169 S.E. 842]; *Selig* v. *Bergman* (1953) 43 Wn.2d 205 [260 P.2d 883], reh. den.; *Union Central Life Ins.* v. *Balistrieri* (1963) 19 Wis.2d 265 [120 N.W.2d 126]; *Shaler Umbrella Co.* v. *Blow* (1929) 199 Wis. 489 [227 N.W. 1].)

The rationale for the existence of the majority rule is that the employee's undertaking is in the nature of a joint enterprise with the employer, the main object of which is the furtherance of the employer's business, and it is not to be assumed that the employee, in furnishing his time and ability, likewise assumes all the risk. (*Perma-Home Corp.* v. *Nigro, supra* (1936) 346 Mass. 349 [191 N.E.2d 745].) ■ When advances are made in regular amounts in consideration of continued activity by the employee, because of the regularity in payment and the requirement the employee give his full time and energies to the employment relationship, the presumption arises that the advances constitute salary or wages and thus are recoverable only from commissions. (See *Argonaut Builders, Inc.* v. *Dare, supra* (1961) 145 Colo. 424 [359 P.2d 366].)

The majority rule is further predicated upon the obvious reality that the superior bargaining power of the employer in contracting with an agent or employee requires the imposition upon the employer of the duty of making explicit his rights under the contract agreement, particularly in situations where he demands the return of previously transferred funds. (See *Shaler Umbrella Co.* v. *Blow, supra* (1929) 199 Wis. 489 [227 N.W. 1].) There is the well settled judicial reluctance to cause a forfeiture of money already received unless it convincingly appears that such a result was intended by the parties and the rule, articulated in terms of contractual intent, is thus one of implication or presumption which properly places the burden of overcoming it upon the party seeking repayment. ■ Consequently, in the absence of express stipulation or convincing circumstances indicating a contrary arrangement, advances to an employee will be presumed to constitute payment in lieu of salary and to fix the employee's minimum compensation. (*Joseph Toker, Inc.* v. *Cohen, supra* (1961) 67 N.J.Super. 68 [169 A.2d 838, 841].)

Plaintiff places strong reliance on *Korry of California* v. *Lefkowitz, supra*, 131 Cal.App.2d 389, where an appeal was taken from a judgment allowing recovery of excess advances in favor of the plaintiff-employer, but no findings of fact nor conclusions of law were entered by the trial court. The reviewing court noted that in the absence of findings and conclusions that every intendment was in favor of the judgment, and applied the indisputable doctrine that when there is an express or implied promise by the salesman to repay excess advances to his principal, the salesman is obliged to repay the surplus "draws." However, in the case under review the trial court

expressly found that there was no express or implied promise to repay the advances.

Judgment affirmed.

McCabe, P. J., and Tamura, J., concurred.