[Civ. No. 23760.   First Dist., Div. One.   Feb. 7, 1968.]

KARL BACH, Plaintiff and Appellant, v. FORREST J. CURRY et al., Defendants and Respondents.

[Civ. No. 24341.   First Dist., Div. One.   Feb. 7, 1968.]

MAURICE H. EDELSTEIN, Plaintiff and Appellant, v. FORREST J. CURRY et al., Defendants and Respondents.

(Consolidated Cases.)

Sidney Rudy, Wayne H. White, Richard N. Rapoport, Harold J. Siegel and Arthur L. Lantz, Jr., for Plaintiffs and Appellants.

Arthur R. Albrecht, David Mark Balabanian and Mc-Cutchen, Doyle, Brown & Enersen for Defendants and Respondents.

MOLINARI, P. J.—Plaintiff Karl Bach appeals from a judgment dismissing his action with prejudice, pursuant to a previous order sustaining without leave to amend general demurrers to the third and fourth causes of action of plaintiff's first amended complaint.[1] Plaintiff Maurice Edelstein likewise appeals from a judgment of dismissal of his third cause of action, entered pursuant to a general demurrer that was sustained without leave to amend.[2] Forrest J. Curry and Penn Mutual Life Insurance Company (hereinafter ''Curry'' and ''Penn'') are defendants in each action. Plaintiff Edelstein's third cause of action is virtually identical to plaintiff Bach's third cause of action, and the parties have consolidated the cases and briefed them together. Hereinafter when we refer to ''plaintiff'' it shall have reference to both Bach and Edelstein.

## Nature of the Case

Plaintiff is a life insurance salesman employed by Curry, who is a general agent for Penn. Under paragraph (2)(c) of his contract of employment, plaintiff is entitled to certain ''service fees'' so long as the contract remains in force. Plaintiff contends that his right to service fees does not terminate on cessation of his employment and prays for a declaration to this effect. Specifically, he alleges that paragraph (2)(c) is an unenforceable forfeiture and an illegal restraint of trade. The questions raised on this appeal are whether the court was correct in sustaining general demurrers to plaintiff's first amended complaint and whether the court abused its discretion in refusing plaintiff leave to amend.[3] We have concluded that neither of plaintiff's contentions has merit.

## The Record

Plaintiff and Curry entered into a written contract on July 1, 1944, under which Curry, the general agent for Penn, employed plaintiff to solicit buyers of life insurance policies and annuities underwritten by Penn. The contract, approved

---

[1] At Bach's request, the first and second causes of action of his first amended complaint were dismissed with prejudice.

[2] At Edelstein's request, the first and second causes of action of his first amended complaint were dismissed with prejudice.

[3] In his fourth cause of action Bach alleged that Curry and Penn are estopped from terminating his rights to ''service fees'' because Curry orally represented to Bach that his employment contract would not be terminated. The appeal from the trial court's action in sustaining the demurrer to Bach's fourth cause of action without leave to amend was abandoned by Bach at oral argument.

by Penn, who guaranteed payment of the compensation under it, allows plaintiff two kinds of compensation: commissions and "service fees." Commisisons are calculated as percentages of the first, second, and third-year policy premiums paid on insurance sold by plaintiff. Service fees are defined in paragraph (2)(c), which reads as follows: "Service Fees (c) In addition to all other compensation which you are entitled to receive in accordance with the foregoing provisions of this contract, you shall be paid serviᴄe fees at the rates provided in the schedule set forth below, . . . based upon all fourth and subsequent policy year premiums paid in cash to continue in force policies written and placed in force by you with Company, *so long as this contract remains in force*, [italics added] *provided* that you present to General Agent satisfactory evidence that service has been rendered by you. And you hereby agree that General Agent and/or Company shall determine what shall constitute satisfactory evidence of service in each case. In the absence of such satisfactory evidence of service, no service fee shall be payable to you."

The contract provides that it may be terminated at will by either Curry or plaintiff. (Par. (3)(d).) The exact language of the provision is: "And this contract may be terminated at any time voluntarily: (d) By either General Agent or Agent furnishing notice of termination in writing to the other." In accordance with the foregoing provision, Curry terminated the contract, termination effective November 1, 1962.

A reasonable interpretation of the allegations of plaintiff's third cause of action is as follows: that plaintiff has sold policies of insurance on which service fees would be owing to him after November 1, 1962, if his employment had not terminated on that date; that paragraph (2)(c) was inserted in the contract for the purpose of restraining plaintiff from selling policies issued by other insurance companies; that services required in connection with "service fees" are nominal; and that paragraph (2)(c) is intended as a deferred compensation device.[4]

Curry claims that under the terms of paragraph (2)(c) plaintiff's right to service fees on policies sold by him ends on the date of the termination of his employment.

---

[4]We have stated the facts pleaded in plaintiff's complaint in accordance with the principle that a demurrer admits all material facts properly pleaded in plaintiff's complaint, but does not admit conclusions of law or fact. (2 Witkin, Cal. Procedure (1954) Pleading, § 484, p. 1471; *Galanis* v. *Mercvry Intl. Ins. Underwriters*, 247 Cal.App.2d 690, 695 [55 Cal.Rptr. 890]; *Marin* v. *Jacuzzi*, 224 Cal.App.2d 549, 552 [36 Cal. Rptr. 880].)

*Do the facts pleaded in plaintiff's third cause of action entitle him to recover service fees after November 1, 1962?*

*No.* All parties agree that under the language of the contract of employment, plaintiff is entitled to service fees under paragraph (2)(c) only "so long as this contract remains in force," i.e., so long as plaintiff's employment with Curry lasts. Since plaintiff's employment ended November 1, 1962, he cannot be entitled to any service fees after that date unless the foregoing condition in paragraph (2)(c) is void. ▮ Plaintiff argues that the condition is void, first, as a forfeiture, and second, as an illegal restraint on trade.

Plaintiff has cited no cases, nor do we know of any, holding that a condition limiting the right to renewal commissions such as the instant provision in paragraph (2)(c) is a forfeiture or penalty clause. Plaintiff's sole authority, *Freedman* v. *Rector etc. of St. Matthias Parish* (37 Cal.2d 16, 21-23 [230 P.2d 629, 31 A.L.R.2d 1]), holds only that in land sale contracts, forfeiture clauses that in effect provide for exemplary damages are unenforceable. Conceding *arguendo* that the *Freedman* doctrine applies to insurance agency contracts, it does not follow that paragraph (2)(c) is a penalty clause. The provision does not go into effect upon a default or breach of duty on plaintiff's part. Rather, it merely regulates the respective rights of the parties after termination of employment in accordance with the contract.

Several cases in California and in other jurisdictions have held similar provisions to be valid. (*Gilbert* v. *Equitable Life Ins. Co.*, 239 Cal.App.2d 895, 899 [49 Cal.Rptr. 187]; *Powis* v. *Moore Machinery Co.*, 72 Cal.App.2d 344, 351-352, 354 [164 P.2d 822]; *Merrill* v. *Continental Assurance Co.*, 200 Cal.App. 2d 663, 670-671 [19 Cal.Rptr. 432]; *Prudential Ins. Co.* v. *Fromberg*, 240 Cal.App.2d 185, 191 [49 Cal.Rptr. 475]; *Nelles* v. *MacFarland*, 9 Cal.App. 534, 537, 538 [99 P. 980]; *Insley* v. *State Mut. Life Assur. Co.*, 334 Pa. 368 [5 A.2d 544, 548]; *Andrews* v. *Public Savings Ins. Co.*, 80 Ind.App. 537 [141 N.E. 646, 647]; *Christensen* v. *Prudential Ins. Co.* (Mo.App.) 204 S.W.2d 459, 462, 464.) Conditions such as that provided in paragraph (2)(c) are upheld upon the basis that the provision is a reasonable one, under the rationale stated in *Prudential Ins. Co.* v. *Fromberg, supra,* quoting from *Insley,* as follows: "Common business prudence dictates that an insurance company should by apt provisions in its contracts with its agents make it financially worthwhile for such agents to continue their allegiance to the company. . . . Inasmuch as

many insured persons have a tendency to permit their policies to lapse, sometimes being induced to do this by agents of competing companies, the company must rely on its agent to keep his contacts with the insurance patron he secured and encourage him to maintain the relationship he induced him to enter into. For so doing, the agent is rewarded with a percentage of the renewal premiums. When his financial interest in the payment of these renewal premiums ends, his value to the company *pro tanto* ends. When the company refuses payment of a part of the renewal premiums, [after the agent's employment has terminated] . . . the company is not penalizing him; it is denying him something he has neither a legal nor a moral claim to.'' (Pp. 191-192.)

In light of the foregoing authorities we conclude that paragraph (2)(c) is not an unenforceable penalty or forfeiture clause. ■■ Turning to plaintiff's contention that such provision is an invalid restraint on trade under Business and Professions Code section 16600, which provides that ''. . . every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void,'' we note that plaintiff relies on *Muggill* v. *Reuben H. Donnelley Corp.*, 62 Cal.2d 239 [42 Cal.Rptr. 107, 398 P.2d 147]. That case held that provisions whereby an employee forfeited his pension rights if he worked for a competitor unlawfully restrained the employee from engaging in a lawful business under section 16600.

Paragraph (2)(c) does not purport to regulate plaintiff's conduct after the termination of his employment. The provision does not restrain him from working for a competitor nor in any way overtly limit his freedom to seek other employment. The loss of ''service fees'' comes about on the lawful termination of the agency contract, not, as in *Muggill*, on plaintiff's finding other employment. Therefore, regardless of the motive underlying paragraph (2)(c), the provision does not operate as a restraint on trade.

There appear to be no cases holding provisions similar to paragraph (2)(c) to be an invalid restraint on trade.[5] However, the cases cited above, holding such provisions to be valid, are authority by implication that such are not in restraint of trade.

*Did the court abuse its discretion in refusing plaintiff leave to amend?*

---

[5]See Annotation, Statutes prohibiting restraint on profession, trade, or business as applicable to restrictions in employment or agency contracts (1949) 3 A.L.R.2d 522, and supplements thereto.

■ *No.* An abuse of discretion in sustaining a demurrer without leave to amend may exist when the defects in the complaint may possibly be cured and the plaintiff has not had a fair opportunity to do so. (*Galanis* v. *Mercury Intl. Ins. Underwriters, supra,* 247 Cal.App.2d at p. 699; *MacLeod* v. *Tribune Publishing Co.,* 52 Cal.2d 536, 542 [343 P.2d 36].) On the other hand, when it is probable that plaintiff cannot state a cause of action, an order refusing leave to amend may be proper. (*Galanis* v. *Mercury Intl. Ins. Underwriters, supra; Ruinello* v. *Murray,* 36 Cal.2d 687, 690 [227 P.2d 251].)

In this case defendants demurred generally and specially to plaintiff's first complaint and plaintiff filed his first amended complaint. Nothing that plaintiff has alleged in his first complaint, in his first amended complaint, or in his briefs on this appeal, indicates any facts to support an action against either Curry or Penn for "service fees." It is probable that plaintiff, who has had a chance to amend, cannot state a cause of action, and therefore the court did not abuse its discretion in refusing leave to amend the first amended complaint.

The respective judgments are affirmed.

Sims, J., and Elkington, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 28, 1968.