[Civ. No. 52338. Second Dist., Div. Four. Aug. 22, 1978.]

GORDON TERMITE CONTROL, Plaintiff and Respondent, v.
FRANK TERRONES, Defendant and Appellant.

### COUNSEL

Duskin & Rosky, Samuel Duskin and Jonathan Milberg for Defendant and Appellant.

J. Robert Kotchick for Plaintiff and Respondent.

### OPINION

**KINGSLEY, Acting P. J.**—Defendant appeals from an adverse judgment in an action on an alleged contract not to compete. We reverse the judgment.

Defendant was employed by plaintiff as a "sales, service and managing" employee over a period of 10 years prior to March of 1972. His employment was terminated for one day when he was rehired under a written agreement reading as follows:

"SUBJECT: RE-EMPLOYMENT FOR FRANK TERRONES

"Mr. Frank Terrones is being re-employed as of March 3, 1972 after a termination of approximately 24 hours, at the same base salary and commission basis on which he was previously paid.

"The purposes of this agreement is a statement by Mr. Terrones that should he terminate with Gordon Termite Control at any time in the future that he will not call on any accounts called on while with Gordon Termite Control. Should this paragraph be breached, he agrees to pay Gordon Termite Control the sum of $50.00 per account that he calls on."

He continued to work under that agreement until October 7, 1974. On October 9, 1974, plaintiff sold its pest control accounts to Stanley Pest Control Company for a consideration of $13,200, payable in three installments of $4,433.40. Allegedly because of defendant's activities as an employee of a third pest control business, 211 of the Gordon accounts were cancelled. Gordon and Stanley settled Stanley's claim for the cancellation of those accounts by cancelling (with Gordon's consent) the final installment of the purchase price. Gordon then sued defendant for the amount thus lost to it and recovered judgment in that amount plus costs. We reverse that judgment.

I

Because we conclude that the agreement relied on by Gordon was illegal and void, we need not, and do not, discuss various collateral matters argued in the briefs.

■ Section 16600 of the Business and Professions Code, provides as follows: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

That provision has been construed by the Supreme Court as invalidating contracts not to compete, except where their enforcement is necessary to protect the trade secrets of an employer. (*Muggill* v. *The Reuben H. Donnelly Corp.* (1965) 62 Cal.2d 239, 242 [42 Cal.Rptr. 107, 398 P.2d 147].) ■ Knowledge of potential customers in the pest control business is not a trade secret within the meaning of *Muggill*. (*Fortna* v. *Martin* (1958) 158 Cal.App.2d 634, 639-640 [323 P.2d 146].)

## II

Plaintiff contends that the agreement herein involved was not a covenant not to compete, but an agreement for the assignment of accounts at a fixed price of $50 per account. A similar contention was made and rejected in *Muggill* and in *Morris* v. *Harris* (1954) 127 Cal.App.2d 476 [274 P.2d 22]. Similarly, in *Chamberlain* v. *Augustine* (1916) 172 Cal. 285, 288 [156 P. 179], the Supreme Court, in considering a contract whereby, as part of the sale of corporate stock, the seller agreed to pay $5,000 if he competed with the buyer, said: "But none the less, it is a contract which operates to restrain Augustine from carrying on the business mentioned. It imposes upon him a liability in the sum of five thousand dollars if he does engage in such business. If the contract is valid, he is not as free to do so as he would have been if he were not bound by it. To the extent that the necessity of paying five thousand dollars deters him from engaging therein, he would be restrained. This is clearly a restraint of a substantial character and the form in which it is cast does not make it less a restraint. As stated by the court below, 'The circumstances surrounding the transaction, the recitals in the contract, and the evident purpose thereof, the fact that the five thousand dollars was to be paid as liquidated damages—the recovery of which is applicable only to breaches of contract—indicate that the parties understood that Augustine was covenanting not to engage, in the state of California, Oregon or Washington, in the business referred to in the covenant.' The covenant in question clearly operates to restrain the defendant from 'exercising a lawful profession, trade, or business' and as it does not fall within the exceptions given in section 1673, it is, therefore, void."

The judgment is reversed.

Jefferson (Bernard), J., and Jones, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.