**BENEFICIAL LIFE INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**Douglas KNOBELAUCH, Defendant-Appellee.**

No. 79–3816.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 2, 1981.

Decided Aug. 10, 1981.

Thomas F. Murphy, District Judge, sitting by designation, filed a dissenting opinion.

Lew W. Cramer, Argue, Freston, Pearson, Harbison & Myers, Los Angeles, Cal., for plaintiff-appellant.

Charles H. Kanter, Kindel & Anderson, Santa Ana, Cal., for defendant-appellee.

Before GOODWIN and FERGUSON, Circuit Judges, and MURPHY,* District Judge.

FERGUSON, Circuit Judge:

Plaintiff Beneficial Life Insurance Company ("Beneficial") appeals the dismissal of its diversity action seeking to recover money paid to a former employee, defendant Knobelauch. The district court dismissed for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). As the district court's interpretation of California law conforms to relevant precedent, we affirm.

I. FACTS

In 1975, Beneficial, a Utah corporation, entered into an employment contract with Knobelauch, a California resident. Beneficial hired Knobelauch to work in California as an insurance salesman. The employment

* Hon. Thomas F. Murphy, Senior United States District Judge, Southern District of New York, sitting by designation.

contract incorporated a "Success Unit Financing Plan" whereby beginning sales personnel could receive advances to be offset against future commissions. Paragraph six of a "Success Unit Financing Agreement" ("Agreement"), promulgated pursuant to the Plan, described the circumstances under which advances were to be repaid:

> [The salesman] shall have no obligation to repay advances made under [the Success Unit Financing Plan] which may be in excess of commissions due him except:
>
> (a) The salesman shall repay advances received which were not in accordance with the rules governing the Success Unit Financing Plan.
>
> (b) The salesman shall repay any such deficiency plus interest thereon at 8% per annum from the date his contract is terminated or after 90 days elapse without bona fide production for the Beneficial Life, *if within two years from said dates he maintains or procures a license to sell life insurance for any other company in any of the states where he sold insurance for Beneficial Life.*

(emphasis added).

In 1977, Knobelauch left Beneficial and took a job in California with another insurance company. At that time, he had accumulated $11,645.67 in advances. Beneficial requested that Knobelauch repay this amount. When he refused, the company brought the instant diversity action. 28 U.S.C. § 1332(a). The district court granted Knobelauch's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6); this appeal followed.

## II. PROPRIETY OF DISMISSAL FOR FAILURE TO STATE A CLAIM

### A. *Standard of Review*

■ A dismissal for failure to state a claim cannot be upheld "unless it appears to a certainty that plaintiff would be entitled to no relief under any state of facts which could be proven." *Alonzo v. ACF Property Management, Inc.*, 643 F.2d 578, 579 (9th Cir. 1981). Beneficial attached to its complaint a copy of the Agreement and the employment contract. As these documents are part of the complaint, we may consider them in determining whether Beneficial can prove any set of facts entitling it to relief. *Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 429–30 (9th Cir. 1978). *See Tenopir v. State Farm Mutual Co.*, 403 F.2d 533, 534 (9th Cir. 1968).

### B. *Failure to State a Claim*

■ The parties agree that California law controls the outcome of their controversy. Under California law,

> in the absence of express stipulation or convincing circumstances indicating a contrary arrangement, advances to an employee will be presumed to constitute payment in lieu of salary and to fix the employee's minimum compensation.

*Agnew v. Cameron*, 247 Cal.App.2d 619, 624, 55 Cal.Rptr. 733, 736 (1967). Thus, Beneficial has no claim to the advances unless a "contrary arrangement" can be demonstrated. Beneficial relies solely on the employment contract as the contrary arrangement obligating Knobelauch to repay the advances. Review of the complaint and the attached documents reveals that paragraph six of the Agreement contains the only direct repayment requirement. Beneficial contends that part (b) of that paragraph, quoted *supra*, obligates Knobelauch to repay the advances. Based on the pleadings, however, we conclude that paragraph six is violative of Cal.Bus. & Prof. Code § 16600. Because paragraph six is void, Knobelauch is under no obligation to repay Beneficial.

> Cal.Bus. & Prof.Code § 16600 states:
>
> Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void.

The California Supreme Court has interpreted this section as invalidating

> provisions in employment contracts prohibiting an employee from working for a competitor after completion of his employment or imposing a penalty if he does so [citations omitted] unless they are necessary to protect the employer's trade secrets [citations omitted].

*Muggill v. Reuben H. Donnelley Corp.*, 62 Cal.2d 239, 242, 42 Cal.Rptr. 107, 109, 398 P.2d 147 (1965). *Muggill* held invalid a contract provision under which an employee who had a right to pension benefits could be deprived of those benefits if he entered into an occupation in competition with his former employer. The potential loss of benefits was held to be a penalty which restrained the employee from engaging in a lawful business. The contract provision was thus held to violate § 16600. *See, e. g., Chamberlain v. Augustine*, 172 Cal. 285, 156 P. 479 (1916); *Gordon Termite Control v. Terrones*, 84 Cal.App.3d 176, 148 Cal.Rptr. 310 (1978).

■ The provision relied upon by Beneficial similarly operates to restrain Knobelauch from engaging in a lawful business. It requires repayment of advances, otherwise construed as salary under California law, *see Agnew, supra*, 247 Cal.App. at 624, 55 Cal.Rptr. at 736, only if a salesman who leaves the company seeks to sell life insurance for another company. The provision expressly attaches a penalty to entry into certain forms of employment. Under § 16600, it is thus void.

Beneficial stated in its supporting papers that paragraph six is not a bar to recovery because contract provisions independent of paragraph six require other classes of employees to repay advances. These conclusory statements are not sufficient, however, to maintain the action. The pleadings and attached documents neither alleged nor revealed the existence of a similar provision that would apply to employees who did not compete. Therefore, Beneficial has failed to allege a set of facts which, if proved, would eliminate the § 16600 problems with paragraph six.

Beneficial cites several cases in support of the position that paragraph six of the Agreement is valid. Two of these, *Prudential Insurance Co. of America v. Fromberg*, 240 Cal.App.2d 185, 49 Cal.Rptr. 475 (1966), and *Korry of California v. Lefkowitz*, 131 Cal.App.2d 389, 280 P.2d 910 (1955), are inapposite. Though both dealt with promises to repay advances, in neither case did

the obligation hinge on what the employee did upon terminating employment.

A third case, *Bach v. Curry*, 258 Cal. App.2d 676, 66 Cal.Rptr. 220 (1968), is significant because it supports the result reached here. In *Bach*, an insurance salesman sued to recover "service fees" allegedly owed him pursuant to the terms of his employment contract. The contract provided that sales personnel would receive a fee upon the renewal of policies originally sold by them. It further provided that no fees would be paid to an employee who had left the company. The salesman argued that the latter provision operated as a restraint on future employment and was therefore void under § 16600. The court disagreed and distinguished *Muggill*:

> [The provision in question] does not purport to regulate plaintiff's conduct after the termination of his employment. The provision does not restrain him from working for a competitor nor in any way overtly limit his freedom to seek other employment. The loss of "service fees" comes about on the lawful termination of the agency contract, not, as in *Muggill*, on plaintiff's finding other employment. Therefore, regardless of the motive ..., the provision does not operate as a restraint on trade.

258 Cal.App.2d at 681, 66 Cal.Rptr. at 233.

The contract provision in the instant case requires repayment of the advances only if Knobelauch goes to work for a company competing with Beneficial. It clearly attempts to regulate Knobelauch's conduct after the termination of employment. Thus, it differs in a crucial respect from the provision considered in *Bach* and is similar to the provision held void in *Muggill*. Because it is void and because, on the present pleadings, it is the only provision requiring Knobelauch to repay Beneficial, the district court did not err in dismissing plaintiff's complaint.

Accordingly, the decision of the district court is AFFIRMED.

MURPHY, District Judge.

I respectfully disagree.

This Court holds that the complaint in this diversity action for moneys due and owing fails to state a claim upon which relief can be granted. Because I believe that the affirmance of an order granting defendant's motion to dismiss, pursuant to F.R.Civ.P. Rule 12(b)(6), deprives plaintiff of its Seventh Amendment right to a jury trial, I dissent.

The complaint, alleging diversity, plaintiff being a Utah corporation with its principal office in Salt Lake City, and defendant a resident and citizen of California, and the necessary monetary amount, alleges that in 1975 at Salt Lake City it and defendant entered into a written contract (a copy of which was attached to the complaint) wherein plaintiff agreed to provide training and advance certain sums of money to defendant which were repayable by him out of future commissions to be earned, and defendant agreed to repay said sums of money to plaintiff out of such commissions. It then alleges that plaintiff has performed all the conditions by it to be performed, including the advancement of some Eleven Thousand-odd Dollars to defendant, and that in March, 1977 defendant failed to perform the conditions of the contract on his part in that he failed and continued to fail to make the agreed upon payments due thereon. Accordingly, it demanded judgment in the sum of Eleven Thousand-odd Dollars, together with interest and costs. There are also attached to the complaint a copy of defendant's acceptance of the agent's contract, and another page entitled "Success Unit Financing *Agreement* for Salesmen" (emphasis ours).

Defendant's notice of motion, although self-described as a motion under Rule 12(b)(6), F.R.Civ.P., claiming the complaint fails to state a claim against defendant upon which relief can be granted, adds this sentence: "This motion will be based on this notice, the attached memorandum of points and authorities, an affidavit of Douglas Knobelauch, and the file, records and pleadings in this action." The district court order, on the stationery of defendant's counsel, is as follows:

"After full consideration of the moving and responding papers, all supporting papers, plaintiff's complaint on file herein and the oral arguments of counsel, and good cause appearing therefor,

IT IS ORDERED that defendant Douglas Knobelauch's motion to dismiss be granted.

IT IS FURTHER ORDERED that the complaint and action herein be dismissed and that judgment be entered for defendant Douglas Knobelauch."

This Court's factual statement is derived in a large measure from defendant's affidavit and memorandum submitted with the motion. As a result, the amalgam of facts to be applied to test the sufficiency of the complaint is laden with facts dehors it.

It is common ground that on such a motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which will entitle him to relief, the complaint cannot be dismissed." *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957).

The Court, in addressing the conflicts of law issue as required by *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), states: "The parties agree that California law controls." We find no such agreement in any brief submitted to this Court or to the district court, although both parties, in the main, rely on California cases. Our submission is that there is absolutely no way of telling, or even guessing, from the face of the complaint, what foreign law is applicable, whether Utah, or California, or some other state's conflict of laws rule.

In addition, the California law relied upon by this Court and the defendant in his motion, Cal.Bus. and Prof.Code § 16600, relates to advances made to an *employee.* The contract upon which plaintiff sues states:

"11. AGENT IS NOT AN EMPLOYEE.

Nothing herein shall be construed to create the relationship of employer and employee between the Company and the agent. The agent shall be free to exer-

cise his own judgment as to the persons from whom he will solicit insurance and the time and place of solicitation."

Further, nowhere in the contract is there any statement or requirement as to where the defendant was to work soliciting insurance, nor is there any allegation in the complaint where, in fact, he did work. The only reference to California in the complaint relates to defendant's citizenship and residence, and that in the present tense. Nor is there any allegation in the complaint that the defendant disassociated himself from the plaintiff and became employed by some other insurance company, or that he did such in the state of California.

The contract has no reference to the obligations of either party in the event the plaintiff makes advances to an agent other than in its paragraph numbered 3. Such paragraph relates only to "Commissions Charged Back," which in turn refers to the agent's performance as compared to the average of all other agents during a quarter of the year.

The Court also states as a fact that the "*employment contract* incorporated a 'SUCCESS UNIT FINANCING PLAN,'" and then refers to paragraph 6 of the "SUCCESS UNIT FINANCING *AGREEMENT*" (emphasis ours).

What is attached to the complaint is a copy of the "Success Unit Financing *Agreement* for Salesmen" and not the "SUCCESS UNIT FINANCING *PLAN*" which is referred to in that Agreement (emphasis ours). It is obvious that the "SUCCESS UNIT FINANCING PLAN" consists of many pages, since the page reference on the bottom of the one-page Agreement for Salesmen indicates the pages run from 14–42. In appellant's reply brief and on oral argument it was appellant's contention that such a Plan should be before the Court in order to understand the complete arrangement re advancements.

In sum, without the additional facts outside the complaint gleaned from defendant's affidavit and memorandum in support of the Rule 12(b)(6) motion, this Court and the district court have, and had no basis for dismissing a complaint that states a simple, garden variety claim for money had and received. The order appealed from should be reversed.