## 54259. BOUSHELL v. FOXWORTH.

SMITH, Judge.

Boushell sued Foxworth on a contract, alleging Foxworth owed money which was advanced to Foxworth as a draw against sales commissions. The trial court, sitting without a jury, entered judgment for Foxworth, and Boushell appeals, contending the trial court unduly restricted the range of examination of witnesses and applied the wrong principles of law to the contract. Finding no error, we affirm.

Boushell, regional distributor of a product, accepted Foxworth as an associate distributor and orally agreed to pay Foxworth a $1,200 monthly advance against the commissions he would earn. At a time when Foxworth's

earned commissions began to keep pace with the advances, the parties entered into a written agreement. It provided that the advances would cease; it acknowledged "that the draw balance . . . is $11,341.74"; it set out a commission schedule; it provided that one half of all commissions exceeding $900 per month would be applied to the draw balance; and it concluded: "This Agreement supersedes any other written or verbal agreement concerning Foxworth's draw and/or commission account."

1. In reviewing the transcript, we do not find that the trial court abused its discretion in excluding evidence which was irrelevant to the contract sued upon.

2. The trial court predicated its decision on the principle: "Where a principal advances money to his agent on a drawing account against his commission to be earned as a salesman for selling merchandise, and his commission does not amount to the sum advanced, the employer cannot, in the absence of an express or implied agreement or promise to repay any excess of advances of the commission earned, recover such excess from the employee." See *Biles v. Home Interiors &c., Inc.,* 112 Ga. App. 21 (143 SE2d 566) (1965) and cits. These cases are not strictly applicable here, because the agreement to pay the advances was antecedent to the contract being litigated. We nevertheless agree with the trial court that the same principle of law is applicable to the subsequent contract. That is, did the contract here, which stated simply that "the draw balance . . . is $11,341.74," contain an express or implied promise to repay this amount independently of earned commissions? The court concluded that there was no such express or implied promise, and we cannot say that its finding was inconsistent with the evidence.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED SEPTEMBER 19, 1977 — DECIDED
OCTOBER 25, 1977.

*Huddleston & Medori, H. Martin Huddleston,* for appellant.