## 65539. DAVIS v. HOSPITAL AUTHORITY OF FULTON COUNTY et al.

DEEN, Presiding Judge.

On the prior appearance of this case at 154 Ga. App. 654 (269 SE2d 867) (1980), summary judgment entered by the court below in favor of the appellees was reversed in part and the case was remanded to the trial court with the finding that the decision made by the defendants Ward, Hannah and Miller to terminate Davis' employment at Northside Hospital was not final since it was subject to review in accordance with the hospital's grievance procedures, and that these defendants did not have absolute authority to discharge her. The court further found that Davis presented sufficient evidence to raise a jury question on her conspiracy claim.

Before trial, the parties stipulated that the trial would be bifurcated, with the judge to hear evidence as to whether any of the defendants had absolute authority to discharge Davis. It was further stipulated that if they did have such authority appellees were entitled to judgment. If they did not, the case would proceed to a jury trial on the conspiracy issue. The court found that the defendants had absolute authority to terminate appellant's employment. On this appeal, Davis claims that the trial court erred in ruling that there was not sufficient evidence for the case to go to the jury, that it erred when it refused to follow the decision in the prior appeal of this case, that it erred in refusing to find the grievance procedure mandatory as in *American Standard v. Jessee,* 150 Ga. App. 663 (258 SE2d 240) (1979), that it erred in determining that Ward, Hannah and Miller had the absolute right to terminate her and in granting judgment in favor of the defendants and dismissing her complaint. *Held:*

In the prior appeal of this case, the court clearly stated that it was reversing "the grant of summary judgment on the wrongful discharge and conspiracy counts in favor of defendants Ward, Hannah, and Miller . . ." *Davis,* supra at 657. In any event, the parties stipulated that the authority issue would be tried by the trial court

sitting without a jury, and Davis is bound by that stipulation. Whether or not the prior decision is the law of the case, it appears that the record was expanded at trial, where all of the circumstances surrounding appellant's discharge, the authority of her supervisors to discharge her, and the hospital's grievance procedures were fully set forth, and the trial court correctly considered such evidence. *Ga. Power Co. v. Busbin,* 249 Ga. 180 (289 SE2d 514) (1982). As the "law of the case" argument was not raised below and the parties stipulated the issue to be tried, there is nothing for this court to review. As to the claim of lack of evidence to support the court's decision, the uncontroverted testimony showed that Clark had the authority to hire and discharge hospital employees, that he had the authority to delegate this authority to assistant staff personnel and that he did in fact delegate this authority to the three defendants. (The plaintiff, herself, had authority to discharge employees under her supervision in the Central Supply Room.) The evidence further showed that she was actually terminated by Hannah, who had authority to terminate her without consultation with the other defendants or anyone else either before or after the termination, and that the grievance procedure at Northside Hospital to appeal employment termination was purely elective on the part of the employee and a review of the termination was not mandatory on the part of the employer, as in *American Standard,* supra.

"In all actions in the superior court tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law . . . Findings of facts shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses." OCGA § 9-11-52 (Code Ann. § 81A-152). The finding of fact by the trial court in non-jury cases will not be set aside on appeal unless they are wholly unsupported by the evidence or are clearly erroneous. *Allison v. Fulton-DeKalb Hosp. Auth.,* 245 Ga. 445 (265 SE2d 575) (1980). We find no error.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MAY 2, 1983 —
REHEARING DENIED JULY 6, 1983

*Michael C. Ford,* for appellant.
*Hunter S. Allen, Jr., Simuel F. Doster, Jr.,* for appellees.