### 70209. SCARBROUGH v. HONEA.
#### (331 SE2d 80)

SOGNIER, Judge.

Martha Honea, as administratrix of the estate of her father, W. E. Smith, brought suit against Roger Scarbrough and his daughter, Stephanie, on a note executed by the Scarbroughs to Smith for $4,500. The trial court, sitting without a jury, found against Roger Scarbrough on the remaining balance of the note but dismissed the case against Stephanie because she was a minor at the time of the transaction and had not subsequently ratified the note upon reaching majority. Roger Scarbrough appeals.

On May 10, 1983, Smith (decedent) paid $3,840 by check for a used Mazda automobile which was titled in Stephanie's name. That same day, appellant and his daughter executed a note to the decedent which provided for repayment of $3,840 in monthly installments of $125 over 36 months, for a total of $4,500. Decedent gave appellant's daughter the original of the note while keeping the carbon copy for himself. Appellant's daughter made one payment on the note in early June 1983. Smith died June 25, 1983. Appellee, discovering the canceled check and carbon copy of the note in her father's desk, made demand on the note and subsequently brought this suit.

1. Appellant contends the trial court erred by finding that the money advanced by decedent was a loan rather than a gift to appellant's daughter asserting that the trial court's verdict and judgment is contrary to the law, is based on insufficient evidence and that the evidence demanded a verdict for appellant. Appellant argues that the money provided by the decedent to purchase the Mazda was meant as a graduation gift for Stephanie, OCGA § 44-5-80, and that the only reason for the parties executing the subject note on the date the car was purchased was to teach appellant's daughter a lesson in financial responsibility. Appellant argues that the decedent's delivery of the original note to Stephanie evidences a discharge of the note pursuant to OCGA § 11-3-605 (1) (b) consistent with the money being a gift to Stephanie. However, there was also testimony that the decedent's graduation gift to Stephanie was a check for $20, that decedent considered the money a loan rather than a gift and looked upon the installment repayment of the loan as a means of obtaining a greater return on his savings than he would get through a financial institution. Although appellee testified that she found no indication in the decedent's papers that any payment was made on the note, both appellant and his daughter testified that the initial payment was made

on the note and that the payment was cashed, though appellant testified that decedent did not mean to take the money as payment but rather intended to keep the installments in a shoebox and return the money to Stephanie when she needed it or when she had learned her lesson in financial responsibility.

Due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses and findings of fact shall not be set aside on appeal unless they are wholly unsupported by the evidence or are clearly erroneous. *Davis v. Hosp. Auth. of Fulton County*, 167 Ga. App. 304, 305 (306 SE2d 306) (1983). " '[W]e do not, on appeal, blindly accept the evidence of the plaintiff or that of the defendant or determine the merits of the case from a point of advocacy. Rather, we follow the rule that where the trial court finds the facts and enters judgment thereon, the sole question for determination is whether there is any evidence to authorize that judgment. It is our duty to construe the evidence to uphold the judgment rather than upsetting it. [Cits.] . . . In fact with reference to actions in an appropriate trial forum tried upon the facts without a jury, it has been held consistently that even though the findings of fact and conclusions of law contended for by the appellant would have been authorized by the evidence presented on the trial, yet, where the facts found by the trial court were authorized by the evidence, such findings will not be set aside. [Cit.] In the absence of legal error . . . an appellate court is without jurisdiction to interfere with the judgment supported by some evidence even when the judgment may be against the preponderance of the evidence. [Cit.]' [Cits.]" *Exxon Corp. v. Butler*, 173 Ga. App. 146, 147 (325 SE2d 806) (1984).

There was evidence that decedent intended that the money constitute a loan rather than a gift and that the delivery of the original note served as a memorandum of the loan rather than a discharge of the loan. "There being evidence to support the findings of the trial court, the judgment must be affirmed." *Parr v. Jones*, 163 Ga. App. 597, 598 (295 SE2d 570) (1982).

2. Appellant's final enumeration of error has not been supported in the brief by citation of authority or argument and, accordingly, it must be deemed abandoned pursuant to this Court's Rule 15 (c) (2). See generally *Young v. Southern Bell Tel. &c. Co.*, 168 Ga. App. 40, 41 (2) (308 SE2d 49) (1983).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MAY 8, 1985.

*William R. Hurst*, for appellant.

*James W. Garner*, for appellee.