### 70286. SUNDANCE, INC. v. GUY et al.
(331 SE2d 102)

BANKE, Chief Judge.

The appellant filed this action against the appellees, Robert and Carol Guy, to foreclose a materialman's lien for plumbing supplies furnished for the construction of a house on their property. Following a non-jury trial, the court concluded that the appellant had proven no contractual relationship with the appellees; and, based on the fact that the appellant had not sued the principal contractor, the court accordingly entered judgment in the appellees' favor. On appeal, the appellant contends, in three separate enumerations of error, that the evidence proved at least some of the materials were purchased by Mrs. Guy personally, rather than by the contractor.

It is undisputed that the Guys contracted with one Jack Freeman, Jr., for the construction of the house and that Freeman subcontracted with the appellant for the installation of the plumbing, at a cost of $7,654. Mrs. Guy subsequently visited the appellant's place of business, at the direction either of Freeman or one of the appellant's employees, for the purpose of selecting the fixtures to be installed. As a result of this visit, the appellant billed Freeman an additional $2,567. The appellant contends that Mrs. Guy obligated herself for this additional expense personally. However, Mrs. Guy testified that she was never informed her selections would result in any additional expense. Furthermore, the appellant's own invoice for the materials in

---

[1] Quoted in *Bennett v. State*, 158 Ga. App. 421, 422 (1) (280 SE2d 429) (1981).

question contains the notation, "WORK ORDERED BY JACK FREEMAN." *Held*:

1. The evidence amply supports the trial court's conclusion that the appellants' contract was with Freeman rather than with the appellees. It is well established that factual findings made by a trial court when sitting without a jury will not be disturbed on appeal unless they are clearly erroneous or wholly unsupported by the evidence. See, e.g., *Hanna Creative Enterprises v. Alterman Foods*, 156 Ga. App. 376 (1) (274 SE2d 761) (1980); *Davis v. Hosp. Auth. of Fulton County*, 167 Ga. App. 304, 305 (306 SE2d 306) (1983). Since the appellant did not sue the contractor to recover on the claim, nor make any showing of facts which would relieve it of this statutory requirement, it follows that it had no cause of action against the appellees to foreclose the lien. See generally OCGA § 44-14-361.1 (a) (3 & 4); *Bryant v. Jones*, 90 Ga. App. 314 (83 SE2d 46) (1954).

2. Although no such claim was alleged in the complaint or otherwise urged before the trial court, the appellant contends on appeal that it should have been awarded a recovery against the appellees based on quantum meruit. However, it is well settled that where a materialman seeks to foreclose his lien against real estate which has been improved with materials furnished by him to a contractor for such purpose, he cannot recover a general verdict and judgment against the owner of the land for the value of the material furnished. See *King v. Rutledge*, 208 Ga. 172, 174 (1) (65 SE2d 801) (1951), and cases cited therein.

3. Because there appears to have been no reasonable basis for the appellant to expect the judgment in this case to be overturned on appeal, the appellee's motion for imposition of a penalty, pursuant to Rule 26 (b) of this court, for filing a frivolous appeal is granted. The trial court is hereby directed to enter judgment in favor of the appellees for such a penalty in the amount of $200.

*Judgment affirmed with direction. McMurray, P. J., and Benham, J., concur.*

DECIDED MAY 17, 1985.

*Anthony Kirkland*, for appellant.
*John L. Coalson, Jr.*, for appellees.