A93A0016. RHODES v. TOP DOG, INC.
(434 SE2d 578)

ANDREWS, Judge.

Top Dog, Inc. brought suit against defendant/appellant Jan Rhodes seeking to recover monies allegedly loaned to Rhodes, its employee, which he failed to repay. According to the complaint, Rhodes was to repay the amounts owed from commissions he earned while in Top Dog's employ.

The case was tried before the court sitting without a jury and was not reported. Both sides agree here, however, that Top Dog introduced five checks made payable to Rhodes. The checks introduced at trial contained the following notations: check no. 262 "comm [illegible] to be repaid in full"; check no. 300 "commission advance to be repaid"; check no. 312 "advance on commission to be repaid in full"; check no. 325 "advance to be repaid in full"; check no. 369 "comm advance to be repaid [illegible]." Judgment was entered for Top Dog on July 8, 1991. On August 5, 1991, Rhodes filed a motion to set aside the verdict or, in the alternative, motion for new trial. In support of his motions Rhodes filed copies of the five "cancelled" checks, which he had obtained from Top Dog's bank following trial.

Bradley, the president of Top Dog, wrote the checks in issue and his testimony at trial as to whether "to be repaid" was on the checks when they were presented to Rhodes was uncertain.[1] He testified that he could not recall specifically these checks, but that it was not unusual for him to make notations such as this on company checks *after* they were returned to him by the bank after cashing.

Rhodes, originally proceeding pro se, was represented by counsel

---

[1] It is not disputed that the notations regarding repayment are in his handwriting, the same as that on the rest of the check faces.

at trial and here. According to counsel for Top Dog and not disputed on the record here, the issue of when the language was placed on the check was addressed below. No discovery was made by Rhodes before the trial, but the judge offered a continuance in order to afford an opportunity to obtain bank copies of the checks, which continuance was refused by Rhodes' counsel.[2]

"[T]he grounds upon which [Rhodes] sought to set aside . . . , i.e., 'fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant,' are equitable in nature, being identical to those which previously constituted the basis for a complaint in equity to set aside a judgment. In 1986, OCGA § 9-11-60 (d) was amended so as to authorize the bringing of a motion to set aside on these grounds. . . . [Cits.] ' "(A) petition in equity would have been to no avail if [Rhodes] knew or should have in the exercise of reasonable diligence discovered th(e) ground (asserted). (Cit.) This same diligence rule applies where appellant uses a motion to set aside the judgment and he is precluded from using the ground which he had known or could have discovered through reasonable diligence." (Cits.)' *Marshall v. Marshall*, 257 Ga. 494, 495 (360 SE2d 572) (1987)." *Lee v. Henson*, 198 Ga. App. 701, 702 (402 SE2d 548) (1991).

While the court's specific finding of fact that the notation was on the checks when they were presented to Rhodes may be erroneous and not supported by adequate evidence in the record, that conclusion alone is not enough to merit reversal of the judgment. The primary factual issue before the court was whether there was an oral agreement between the parties regarding the source of the repayment, i.e., solely from future earned commissions payable by Top Dog or from other funds of Rhodes as well. While Brady's testimony concerning when the notation was placed on the checks was uncertain, he apparently testified that the agreement was that the money would be repaid in its entirety from whatever source and, whenever he added the notation to the check, it supported his understanding of the agreement. Rhodes' contention was that the source for repayment was only future earned commissions and since he did not earn that much, he did not owe it. See, e.g., *Biles v. Home Interiors &c.*, 112 Ga. App. 21 (143 SE2d 566) (1965).[3] Had the trial judge concluded, as a matter

---

[2] Since check no. 300 was marked "deposit only" and endorsed by both Mr. and Mrs. Rhodes, it obviously went into his own checking account, also maintained at Barnett Bank, the issuing bank. Copies of the deposit items, including check no. 300, were available to him on his own account without even the necessity of formal discovery proceedings. No reason for not having obtained the copies of all the checks, including this one, in the months preceding trial is offered.

[3] This case and the entire line of cases relied upon by Rhodes below was limited in the whole court case of *Cota v. Alexander*, 123 Ga. App. 219 (180 SE2d 293) (1971). This court restricted it to situations where a "draw account" was a part of the original hiring agreement

of fact, that the notations were not on the checks when presented to Rhodes, as contended by him and shown by the new copies, this still would not mandate a finding in Rhodes' favor on the motion pursuant to OCGA § 9-11-60 (d) (2), as discussed above, since that evidence was previously available to him. Nor would it prove that the advances or draws were part of the original hiring agreement as opposed to a separate loan situation.

Likewise, there is no basis for the grant of a new trial on the basis of newly discovered evidence pursuant to OCGA § 5-5-23. *Boatwright v. Eddings*, 180 Ga. App. 742 (350 SE2d 291) (1986).

A decision right for any reason should not be set aside and the judgment is affirmed. *Tower Financial Svcs. v. Smith*, 204 Ga. App. 910, 919 (7) (423 SE2d 257) (1992), citing *Dorminy v. Dorminy*, 242 Ga. 326 (249 SE2d 49) (1978).

*Judgment affirmed. McMurray, P. J., Beasley, P. J., Cooper and Smith, JJ., concur. Pope, C. J., Birdsong, P. J., and Blackburn, J., dissent. Johnson, J., not participating.*

POPE, Chief Judge, dissenting.

I dissent. In rendering judgment for plaintiff in this case the trial court expressly, and erroneously,[4] found that the checks contained the "to be repaid" language when presented to the defendant. *Based on this erroneous finding*[5] the trial court also found that by accepting the checks so marked the defendant expressly agreed to repay his advances in full and that the source of repayment was not limited to commissions defendant might earn from plaintiff.

"The guiding principles are that findings of fact by the trial court will not be set aside unless they are clearly erroneous (OCGA § 9-11-[52]) and the trial court's findings of fact are as binding on the parties as a jury verdict. *Sunn v. Mercury Marine*, 166 Ga. App. 567, 568 (305 SE2d 6) [(1983])." *Intertrust Corp. v. Fischer Imaging, Corp.*,

---

or, at the time of the original hiring agreement, there was agreement that advances would be made on future earned commissions, not to situations where, after employment, the employer makes personal loans to an employee from future advances. See *Boushell v. Foxworth*, 143 Ga. App. 646, 647 (2) (239 SE2d 539) (1977).

[4] In this case, the copies of the checks obtained from plaintiff's bank show that the notation concerning repayment had not been on the checks at the time the checks were presented to the bank for payment. It necessarily and indisputably follows that the notations had not been placed on the checks when presented to the defendant and that such notations were placed on the checks sometime after they were negotiated but before they were introduced into evidence at trial.

[5] The trial court's order stated the following: "After reviewing the evidence presented to the Court, the Court finds that the checks which were introduced into evidence [by Plaintiff] did contain the language, "to be repaid" when presented to the Defendant. *Consequently*, by accepting the checks, the Defendant expressly agreed to repay his advances in full and the source of repayment was not limited to commissions earned for sales on behalf of Plaintiff." (Emphasis supplied.)

198 Ga. App. 812, 813-814 (403 SE2d 94) (1991). "The finding of fact by the trial court in non-jury cases will not be set aside on appeal unless they are wholly unsupported by the evidence or are clearly erroneous. [Cit.]" *Davis v. Hosp. Auth.*, 167 Ga. App. 304, 305 (306 SE2d 306) (1983). The trial court's findings of fact in this case are clearly erroneous, and I believe the judgment must be reversed.

The majority finds no reversible error based in part on the conclusion that the defendant did not exercise due diligence in obtaining the checks prior to trial. However, such a finding necessarily presumes that the defendant was required to anticipate that the notations on the checks had been altered after they were presented to him. There is no reason that the defendant should have anticipated that the checks introduced at trial would be different from the ones which were presented to him by the plaintiff, and thus no reason to conclude he did not exercise diligence in obtaining copies of the cancelled checks prior to trial.

Moreover, I cannot agree with the majority's conclusion that the trial court's order may have been supported by other evidence presented at trial which is unavailable to us because we have no transcript of the proceedings. As stated above, the trial court's judgment for the plaintiff was based on the finding that the "to be repaid" language was placed on the checks when they were presented to defendant. No matter what evidence the court may have had before it, the record shows it relied on an erroneous finding of fact in rendering its judgment for plaintiff. Inasmuch as the trial court's determination of the ultimate issue to be decided in this case was based on an erroneous finding of fact, I believe the judgment must be reversed.

I am authorized to state that Presiding Judge Birdsong and Judge Blackburn join in this dissent.

DECIDED JULY 16, 1993 —
RECONSIDERATION DENIED JULY 30, 1993 —

*Frantz, Sanders & Grattan, Donald B. Deloach*, for appellant.
*Goldstein, Schatten & Perry, Lee S. Goldstein, James H. Greenwood*, for appellee.