A96A1728. CALGATI CHEMICAL COMPANY, LTD. v. WEILAND.

(476 SE2d 78)

BEASLEY, Chief Judge.

Egle Gatins Weiland sued her brother, Martin Gatins, and the company of which he was president, Calgati Chemical Company, Ltd., to recover $10,000 allegedly owed on a promissory note.

Calgati is a Georgia corporation. The original principals of the company were Kenneth Callaway, the majority stockholder, and Gatins, a shareholder.

Prior to Gatins' termination as president, he wrote to his sister Weiland, stating that he and Callaway were facing a temporary cash flow shortfall at Calgati and asking whether she would make "me or Calgati a 45-day loan of $10,000." Two days later, a $10,000 machine-generated check was issued on a Weiland bank account. The payee is identified on four lines which gave Gatins' name, Calgati's name, and the corporate address. The payor is identified on the check face as "TR U/A Mrs. Egle G. Weiland." Immediately below her name appear the words "paid Mr. Martin Gatins gift from Egle Weiland." Gatins endorsed the check and deposited it into a Calgati bank account. Two days after the check was issued, the promissory note was executed in favor of Weiland by Gatins as president of Calgati and in his individual capacity.

According to Weiland, she intended the $10,000 as a loan to Calgati. She testified that it was her understanding that her brother, in his capacity as president of Calgati, was authorized to borrow the money on behalf of the company and that, as a condition of the loan, she required him to personally co-sign the note. Gatins testified that he held himself out as being authorized to borrow the $10,000 on behalf of Calgati and that he believed that he was so authorized.

However, a Calgati shareholders' agreement provided that no corporate borrowing could take place without the prior written consent of the holders of not less than two-thirds of the outstanding stock of the company. Callaway testified that Calgati never gave any such consent for any loan from Weiland. Callaway further testified that it was his understanding that the $10,000 Gatins received was a gift or loan from Weiland to Gatins which Gatins in turn invested in Calgati.

After the note was executed, Gatins sent Callaway an internal company memo, stating that he had allowed Calgati to book the

$10,000 loan from Weiland and other loans as paid-in capital rather than notes payable so that the corporation would show a positive net worth, and that these monies would be repaid to Gatins through bonuses. The memo asked for Callaway's signature on the memo to indicate his agreement with this, but the copy in the record contains no such signature.

Gatins answered the complaint, admitting all its allegations. Calgati answered and asserted various defenses, including that the $10,000 was a gift from Weiland to Gatins.

Weiland moved for judgment on the pleadings or summary judgment. She argued that Gatins had at least apparent authority to sign the note and borrow the money on behalf of Calgati, and that Calgati ratified Gatins' signature on the note by accepting deposit of the note proceeds into a company bank account and using the money in the conduct of its business. In response, Calgati argued that there were numerous material issues of fact, including whether Gatins had authority to execute the note on behalf of Calgati. The court entered judgment against Gatins based on his admissions of record and against Calgati on the ground that it is jointly and severally liable as a co-signor of the note.

The latter ruling was error. There is evidence from which a jury could find that the $10,000 was paid by Weiland to Gatins as a gift to him. This gives Calgati a triable defense to enforcement of the note. See *Harrison v. Martin*, 213 Ga. App. 337, 342 (1) (444 SE2d 618) (1994); *Scarbrough v. Honea*, 174 Ga. App. 736 (1) (331 SE2d 80) (1985); compare *Motz v. Nat. Bank of Ga.*, 156 Ga. App. 871 (275 SE2d 809) (1981). Moreover, in view of the Calgati shareholders' agreement, Gatins did not have actual or implied authority to borrow the money on behalf of the corporation. If Calgati is to be held liable on the note, it must be on the ground that Gatins had apparent authority. Weiland does not argue that, as a matter of law, a corporation president has apparent authority to borrow money on its behalf. Nor does she present evidence that would demand a finding that Gatins had apparent authority to borrow money on behalf of Calgati. There is thus a material issue of fact on the question of Gatins' apparent authority.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 17, 1996.

*Wood, Odom & Edge, Arthur B. Edge IV, Kirwan, Parks, Chesin & Remar, Allan L. Parks, Jr., Larry Chesin*, for appellant.

*Parker, Johnson, Cook & Dunlevie, William A. Capp*, for appellee.